No. 10,759.

## WALKER *v.* THE STATE, EX REL. MOORE.

BASTARDY.—*Evidence.*—*Letters.*—In a prosecution for bastardy, letters of the defendant, written before the child was begotten, stating the intimacy of their relations, referring to the fact that he had taken indelicate liberties with her person, and expressing a desire for sexual intercourse thereafter, are proper evidence against him.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*D. Moss, R. R. Stephenson* and *H. A. Lee,* for appellee.

COLERICK, C.—This was a prosecution for bastardy. It was tried by a jury, and resulted in the rendition of a judgment against the appellant, from which he appeals, and assigns as the only error for its reversal the overruling of his motion for a new trial, in support of which many causes were assigned, only two of which are presented by him to this court for consideration ; the others, under our practice, are to be treated as abandoned by him. The two questions so presented arise out of the third and fifth causes assigned for a new trial, and relate :

1st. To the action of the court in permitting the appellee to introduce in evidence certain letters, which, it is conceded, were written by the appellant to the relatrix.

2d. To the alleged misconduct of one of the attorneys for the appellee, who, it is asserted, indulged in improper comments in his closing argument to the jury, which were prejudicial to the rights of the appellant.

We will consider these questions in the order presented.

*First.* It appears by the evidence, which is set forth in the record, that the appellant and the relatrix, both unmarried, had enjoyed intimate relations with each other for more than one year prior to the birth of the child, whose paternity was in dispute; that the appellant, as a suitor or otherwise, had been assiduous in his attentions to her, and that while these relations were existing the appellant, during his absence from home, attending college, wrote the letters which were introduced in evidence, which convincingly showed the intimacy of their relations. In these letters he referred to indecent liberties which he had taken with her person, and with impassioned ardor expressed the hope that she would, on his return home from college, during its vacation, yield to and gratify his sensual desires, assuring her that no harm would flow from it, and that the secret should never be revealed. The appellant insists that this evidence was irrelevant and incompetent. We think otherwise, as it is claimed by the relatrix that after the writing of these letters, and upon the return of the appellant from college, she gratified his desires, and had illicit intercourse with him, by which the child in dispute was begotten, which fact he denied. The letters strongly tended to corroborate her statement and sustain the accusation that he was the father of the child, as they contained his written admission as to the intimate relations existing between them, and his ardent desire to have sexual intercourse with her. For this purpose the evidence was competent, and no error was committed in permitting the letters to be introduced in evidence.

*Second.* It appeared by a bill of exceptions in the record that, on the trial of this cause, inquiry was made of the relatrix, while testifying as a witness, by one of her attorneys, relative to the existence of a contract of marriage between her and the appellant at the time the child was begotten, to which inquiry objection was made by the appellant, and sustained by the court, and that, although the evidence was ex-

cluded, R. R. Stephenson, Esq., one of the attorneys for the appellee, in his closing argument to the jury, improperly referred to, and commented upon, the alleged contract of marriage, to which comments the appellant objected, and the court sustained the objection, and informed the attorney that he must desist from making them, and that, regardless of the admonition of the court, he continued to indulge in such comments over the objection of appellant. But the bill of exceptions which recited these facts, since the filing of the record of the action in this court, has been amended by a proper proceeding instituted in the court below for that purpose, and the record of the proceeding containing the bill of exceptions, as amended, has been, by *certiorari*, certified and transmitted to this court, by which it appears that " all that part of said bill of exceptions, in relation to the argument and conduct of said Stephenson on the trial of said cause, is stricken out as false and incorrect," and the bill of exceptions, as amended, now recites " that said Stephenson, in closing the argument for the relatrix on the trial, in the first part of his speech, referred to the existence of the marriage contract, but the moment his attention was called to the fact by counsel for the defendant and the court, that such testimony had been excluded, he immediately apologized to the court and the jury, and stated that he was outside of the evidence, and that his statement in relation thereto was improper." According to the bill of exceptions, as 'it now exists, no misconduct on the part of counsel, as claimed by the appellant, occurred.

The judgment must be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Jan. 9, 1884.