## MARTHA A. BEERS *vs.* GEORGE C. JACKMAN.

On the trial of a complaint under the bastardy act, Gen. Sts. c. 72, which the defendant had answered denying every allegation of the complaint and charging a conspiracy to defraud, the complainant, in introducing her case, was permitted, against the defendant's objection, to put in evidence, "as tending to show the character of the intimacy between herself and the defendant," a letter written by him to her between seven and eight months before the time when she alleged and had testified that he begot the child. *Held*, that he had no ground of exception.

COMPLAINT made November 23, 1868, under the Gen. Sts. c. 72, that the complainant was pregnant with a child begotten by the defendant at Lawrence on or about April 15, 1868, which, if born alive, might be a bastard.

In the police court of Lawrence, to which the complaint was returned, the defendant, after due hearing, was required to give bond to appear and answer to it at the next term of the superior court.

In the superior court, the complainant, on February 19, 1869, further complained that, on December 30, 1868, she was delivered of a male child, which was still living and was born a bastard ; that in the time of her travail she accused the defendant of being its father, and had ever since been constant in the accusation ; and now charged that he was so, and that he begot the child at the place and on or about the day alleged in the previous

complaint; and prayed that he might be adjudged its father and be charged with its maintenance with her assistance. The defendant answered, denying each and every allegation of the complainant; and alleging that her complaints were made in pursuance of a conspiracy to defraud him.

At the trial, before *Scudder*, J., " the complainant was the first witness called, and testified that she was begotten with child by the defendant on or about April 10, 1868, and that acts of criminal intercourse between her and him commenced in August 1867. A letter was produced, directed to her, and dated at Philadelphia, August 26, 1867, which she testified that she re-ceived by mail soon after its date. This letter was signed by the defendant and admitted to have been written by him. She offered the letter as evidence tending to show the character of the intimacy between herself and the defendant. The judge allowed the letter to be read to the jury against the objection of the defendant that it was immaterial." The jury returned a verdict of guilty, and the defendant alleged exceptions. The letter was not made a part of the bill of exceptions, nor was its substance stated therein further than appears above.

*W. S. Knox*, for the defendant.

*J. K. Tarbox*, for the plaintiff.

COLT, J. It would have been, perhaps, more according to the usual course, for the complainant to have introduced the letter of August 26 in reply to the defendant's case, relying in the first instance upon positive testimony that the child was begotten in April following. The answer contained a denial of the complainant's allegation, and a charge of conspiracy to defraud; and the order in which competent evidence, under the issue raised, should be introduced, was here in the discretion of the judge.

In proof of unlawful sexual intercourse, the adulterous disposition of the parties at the time may be shown. To this end, the antecedent and subsequent conduct and declarations of the parties, if it has a tendency to prove the fact, is admissible. It is a matter of common observation, that a criminal intimacy is usually of gradual development and when established is likely to continue between the parties. The act itself is the strongest

evidence of the existence of the disposition; and it has been recently held that, for the purpose of proving it, an act of adultery at another time may be shown. *Thayer* v. *Thayer*, 101 Mass. 111. It had long been held that prior acts of familiarity were admissible to render it not improbable that the act might have occurred. *Commonwealth* v. *Merriam*, 14 Pick. 518.

The only limit to this description of evidence is, that it must be sufficiently near in point of time, and sufficiently significant in character, to afford an inference of the moral condition to be proved. And this limit must be fixed to a great extent by the discretion of the judge who tries the case. The facts stated in this bill of exceptions do not make it appear that the judge passed the limit, in admitting the letter in question. *Boyle* v. *Burnett*, 9 Gray, 251. *Exceptions overruled.*