JOHN A. BROWN

v.

FREDERICK H. LUEHRS.

</div>

IMPEACHMENT OF WITNESS.—It is not an imperative rule that impeaching testimony should relate to the character of the witness for truth and

veracity at the time and place where he lived when he gave his testimony. General reputation at a former period and in another neighborhood, may or may not tend to prove that issue, according to the remoteness of the time and place, and other circumstances.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. HENRY C. WHITNEY, for appellant; that the evidence offered was admissible, cited, Holmes v. Stateler, 17 Ill. 453.

Messrs. BARNUM & VAN SCHAACK, for appellee; that evidence offered must relate to time of giving the testimony, cited Wharton's Ev. § 563; Willard v. Goodenough, 30 Vt. 393; Teese v. Huntington, 23 How U. S. 2; Webber v. Hankle, 4 Mich. 198; Chance v. Indianapolis, etc. Gravel Co., 32 Ind. 472; Rucker v. Beatty, 3 Ind. 70; State v. Howard, 9 N. H. 486; Morrs v. Palmer, 15 Penn. St. 56; Rogers v. Lewis, 19 Ind. 405; City of Aurora v. Cobb et al. 21 Ind. 510; Curtis v. Fay, 37 Barb. 64; Henderson v. Hayne, 2 Met. 342.

That a new trial will not be granted for the purpose of impeaching a witness, McWilliams v. Morgan, 61 Ill. 89; Martin v. Ehrenfels, 24 Ill. 187; O'Reiley v. Fitzgerald, 40 Ill. 310; Seward v. Cease, 50 Ill. 228.

PLEASANTS, J.   Appellee brought this suit to recover money alleged to have been inadvertently overpaid to appellant, then his creditor, under circumstances not necessary to be here detailed—except that it was claimed to have been left by him in the fall of 1870 with the firm of Moeller & Busch, or one of them, at their store in Chicago, and by them or him on the next day, according to direction delivered or caused to be delivered to appellant. The cause was tried early in September last, and there was a verdict for the plaintiff for $607.45.

On a former trial, it was for the defendant, on his plea of set-off for the amount therein claimed, which necessarily involved a finding against the alleged payment through Moeller & Busch. The material testimony on that trial was given by

said Moeller & Busch, on behalf of the plaintiff, admitting the receipt by them, or one of them, of the sum of one thousand dollars in question for that purpose, and tending to show its payment over to the defendant,—and by the defendant, in his own behalf, denying such payment over.

Upon bill filed, alleging newly discovered evidence of one M. G. Cowles, a book-keeper of Moeller & Busch at the time, and the person who, it was averred, delivered the money to the defendant, and his deposition in support of said bill, taken at Dubuque, Iowa, where he then resided, in March, 1875, that verdict was set aside and a new trial awarded.

On the second trial this deposition was offered and read in evidence by the plaintiff, and is conceded to be decisive unless the deponent can be generally impeached.

With a view to such impeachment the defendant called C. A. Pulsifer, who testified that he was a commission merchant, resident in Chicago for the last ten years; had known Cowles probably three years; two or three; in 1871 or 1872; employed him as book-keeper from January to May, 1872; had not seen him since 1872 or 1873; knew his acquaintances and associates, business men with whom he came in contact, and his general reputation for truth and veracity among them.

He was then asked the question: " Was that reputation good or bad?" to which objection was made, on the ground that a proper foundation for it had not been laid, and because it did not relate to the time when, and the place where the deposition was taken.

The court sustained the objection, stating that " the impeaching testimony ought to relate to the character of the witness for truth and veracity at the place where he lived when he gave his deposition, and amongst those he was in the habit of associating with."

To this ruling exception was duly taken, and the trial proceeded to verdict, as above stated. A motion by the defendant for a new trial was overruled, judgment entered on the verdict, and appeal taken.

We are of opinion that the Superior Court erred in excluding the question put to the witness Pulsifer, under the circumstances.

Brown v. Luehrs.

The object of impeaching testimony is to aid the jury in ascertaining the degree of credit due to the witness in question, so far as it may depend on his character for truth. In reason it must be his character at the time of giving his testimony. If it were certainly made known that at the moment of testifying it was good or otherwise, it would be wholly immaterial to inquire what it was at any time before or after. The issue, therefore, relates to that precise time, and hence the form of the question, as a rule, relates to it, and to the neighborhood where he then resided. That form generally bears most directly upon the issue, since impeaching witnesses generally, in fact, testify at the same trial, which is practically at the same time, with the witness sought to be impeached, and in the neighborhood where he then resides, and has whatever reputation he does have. But in some cases that reason of the rule fails, and therefore the rule, as to the form of the question, is not inflexible. He may have no actual reputation at the time of testifying, in the neigborhood where he then resides, and yet have a marked reputation in another neighborhood, where he formerly resided. The question must be such in form as calls for an answer relevant to the issue.

General reputation at a former period and in another neighborhood may or may not tend to prove that issue, according to the remoteness of the time and place, and other circumstances. Ordinarily these will affect the weight, but not the competency of the matter. Every witness testifying to the reputation of another from what he knows of the speech of people, must necessarily refer to a past time. It has often been said, and with no little force, that it ought to be a time anterior to the controversy. The subject is necessarily within the sound legal discretion of the Court, and no time or place can be fixed as a limit to the inquiry.

It was well said, in Willard v. Goodenough, 30 Vt. 393, that evidence of character at a former period, "as a distinct and independent proposition"—that is, as we understand it, without regard to its tendency or want of tendency to prove that character at the time the witness testified—is inadmissible. And this explains the cases cited by counsel, in which the

courts have excluded such evidence. It was offered to prove that fact as a distinct and independent proposition, or the time was so remote as, under the circumstances, to warrant the court, in the exercise of a sound legal discretion, in regarding it as having no tendency to prove the character of the witness at the time he testified.

These views seem to us to be sustained by reason and authority: Teese v. Huntingdon, 23 How. 14; Holmes v. Statteler, 17 Ill. 453.

In the case at bar, while the foundation for the question under consideration was not laid with the nicest care, it was sufficient. Pulsifer, in substance, stated that he was acquainted with the general reputation of Cowles for truth and veracity among his associates and acquaintances in the neighborhood where he then resided, which was some three years or less before his deposition was taken. That neighborhood was the one in which the trial was pending. The record does not show where Cowles resided between the time of his removal from Chicago, in Sept., 1872, and a time shortly before his deposition was taken, in March, 1875. When he so removed he was upwards of thirty years of age, and his character may be fairly presumed, in the absence of proof to the contrary, to have become well fixed. Under these circumstances, we think that evidence of his general character at that time legally tended to show what it was when his deposition was taken, and ought to have been admitted. For its exclusion, which we deem error the judgment will be reversed and the case remanded.

<div style="text-align:right">Reversed and remanded.</div>