KATE SULLIVAN *vs.* DENNIS HURLEY.

Hampshire.    September 18, 1888. — October 1, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Bastardy Complaint — Evidence — Admissions in Letters.*

At the trial of a complaint under the bastardy act, Pub. Sts. c. 85, letters of the respondent to the complainant, written at intervals after the alleged begetting and before her delivery, which tend to show a suspicious intimacy between them and contain expressions fairly leading to the inference of their prior criminal intercourse, are admissible in evidence, in the discretion of the presiding judge.

COMPLAINT under the bastardy act, Pub. Sts. c. 85.

At the trial in the Superior Court, before *Brigham*, C. J., the complainant introduced evidence tending to show that she was delivered of a full time bastard child on February 28, 1888; and that the respondent had sexual intercourse with her on the last of May, 1887, at which time the child was begotten. The complainant was then permitted to introduce in evidence, against the respondent's objection, certain letters written by him to her on August 17, 1887, on December 10, 1887, and on January 4, 1888. These letters, which were those of a very illiterate person, alluded to the pregnancy of another woman, and contained expressions evidently referring to the intercourse of the sexes and to the respondent's desire to have such intercourse, and in them the respondent further expressed the hope that, when he should visit the complainant, he would find her "alone, so we can have a good time," and offered to give the complainant "bed room" if she would come and see him on some night.

The judge instructed the jury as to these letters as follows: "The letters which were written by this defendant to the plaintiff, after the time within which this child must have been begotten, are not to be considered as evidence of the paternity of the child, unless you find in them some language which recognizes or acknowledges sexual intercourse between the writer and the girl to whom the letters were written, either before or after the time when the child must have been begotten."

The jury returned a verdict of guilty; and the respondent alleged exceptions.

*W. W. Rice & H. W. King,* (*C. M. Rice* with them,) for the respondent.

*H. C. Davis,* for the complainant.

BY THE COURT. In support of the complainant's testimony, that the respondent had sexual intercourse with her in May, 1887, it was competent for her to put in evidence any acts or declarations of the respondent, either before or after the alleged intercourse, which show the relations between the parties, and which tend to show that at the time of the alleged intercourse a criminal disposition existed between them. *Thayer* v. *Thayer,* 101 Mass. 111. *Beers* v. *Jackman,* 103 Mass. 192.

In the case at bar, the letters of the respondent to the complainant which were admitted in evidence show a suspicious intimacy between them which was necessarily the result of their previous acquaintance and relations; they contain expressions which could hardly be used between persons whose relations were innocent, and which fairly lead to the inference that the parties had been guilty of criminal intercourse. They were therefore admissible, within the discretion of the presiding judge.                                *Exceptions overruled.*