<hr />

THE PEOPLE v. ULYSSES GRANT KEEFER.

[See 91 Mich. 611; 100 Id. 272.]

*Criminal law—Preliminary deposition—Evidence—Bastardy.*

1. Where the preliminary deposition of the complaining witness in a bastardy case is admitted in evidence, it is unnecessary to have her detail its contents, or to ask her if she remembers the same, and the court exercises a proper discretion in rejecting the question.[1]

2. In preserving an exception to a ruling refusing to strike out a portion of the testimony in a bastardy case, the court remarked, " Exceptions don't amount to anything in this case, I suppose

<table>
<tr><td>103</td><td>83</td></tr>
<tr><td>110</td><td>413</td></tr>
<tr><td>103</td><td>83</td></tr>
<tr><td>s61NW</td><td>338</td></tr>
<tr><td>j131</td><td>529</td></tr>
<tr><td>103</td><td>83</td></tr>
<tr><td>s61NW</td><td>338</td></tr>
<tr><td>133</td><td>4 2</td></tr>
<tr><td>103</td><td>83</td></tr>
<tr><td>136</td><td>3385</td></tr>
</table>

---

[1] See *People v. Butler*, 55 Mich. 408.

you understand." And it is held that there is no force in the contention of counsel for the respondent that, while the remark was technically correct, yet its tendency was to prejudice the rights of the respondent with the jury.

3. In a prosecution for bastardy the court refused to strike out the testimony of a witness for the people that, after the first trial of a seduction case based upon the same facts, the respondent told him that he wished he had won the case, because, if he had, he had $500 in his pocket that he proposed to present to the complaining witness, because he felt sorry for her. And it is held that, if any error was committed, it was cured by a subsequent ruling striking the testimony from the case.

4. In a prosecution for bastardy, evidence of previous acts of intimacy and sexual intercourse between the parties is competent.

*Certiorari* to Ionia. (Smith, J.) Submitted on briefs October 26, 1894. Decided December 18, 1894.

Respondent was convicted of the crime of bastardy. Conviction affirmed. The facts are stated in the opinion, and in 91 Mich. 611, 100 Id. 272.

*F. C. Miller* and *George E. Nichols,* for respondent.

*R. A. Hawley,* Prosecuting Attorney, for the people.

GRANT, J. This is a proceeding for bastardy, and is the counterpart of the seduction case reported in 91 Mich. 611, 100 Id. 272, where a sufficient statement of facts will be found. Some of the questions raised were disposed of in those decisions, and will not be here referred to.

1. Miss Badder, the complaining witness, upon cross-examination was shown her signature to a deposition taken before a justice of the peace, which was admitted. Respondent's counsel then asked her if she then testified that she could not tell the place. This was excluded by the court, on the ground that the deposition was admitted, and showed that she did so testify, and counsel could use it against her upon the argument. Counsel took excep-

tion, with the remark that perhaps she would like to give some explanation. It was unnecessary to have the witness detail the contents of her former deposition, or ask her if she remembered what its contents were. The court exercised a proper discretion in rejecting the question.

2. In preserving an exception to the ruling of the court in refusing to strike out some testimony the court remarked, "Exceptions don't amount to anything in this case, I suppose you understand." While counsel admit that the remark is technically correct, yet they contend that its tendency was to prejudice the rights of respondent with the jury. We see no force in the contention.

3. A witness had testified that after the first trial of the case respondent told him that he wished he had won the case, because, if he had, he had $500 in his pocket that he proposed to make her a present of, because he felt sorry for her. Error is alleged in the refusal of the court to strike out this testimony. The error, if it was error, was cured by the subsequent ruling of the court striking it out.

4. Miss Badder had fixed the time when she was begotten with the child as February 10, while returning from a party at one Perrett's. On the former trial the respondent had testified that he had intercourse with her about February 10, while taking her home from a party at one Garrett's. This testimony was admitted under objection. It is claimed that it is shown that the dance at Perrett's was not in February, and that the prosecution was limited to the act of intercourse while returning from that party. There was evidence of frequent acts of intercourse between the parties about that time. It was immaterial whether the dance was at Garrett's or Perrett's. The clear weight of the evidence shows that it was at Garrett's, but the jury were justified in finding that she was mistaken as to the place, but they could not well be mistaken as to the act and the time.

5. Previous acts of intimacy and sexual intercourse were

competent evidence.    *Walker v. State,* 92 Ind. 474; *Ramey v. State,* 127 Id. 243.

6. Complaint is made that the judge, in his charge, in referring to the time, once used the expression, "on or about February 10," and that this left the jury to find some other date than that fixed by the complaint and the evidence.    At six other places in the charge the jury are expressly and specifically confined to the 10th of February. Once he said, "The question is, is he the father, and did he beget the child February 10, 1889?"    There is no room for even a suspicion that the jury were misled as to the date.

We find no error, and the conviction is affirmed.

The other Justices concurred.