## ALICE HARTY vs. THOMAS MALLOY.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In a bastardy proceeding, evidence of acts of illicit intercourse between the
parties several months before the act which is claimed to have resulted
in the plaintiff's pregnancy, is admissible in behalf of the plaintiff, as
tending to show a habit of sexual intercourse and the probability of
its renewal upon opportunity. But evidence that the plaintiff con-
sented to such intercourse only after a promise of marriage by the
defendant, is irrelevant and inadmissible.
Evidence that the plaintiff, both before and after the birth of her child,
stated on several occasions to different persons that the defendant was
the father, is admissible, independent of the plaintiff's discovery at
the time of travail. But the admissibility of these statements does not
necessarily render everything admissible that was said or done on such
occasions; nor does such evidence become admissible on the re-direct
examination of the plaintiff, merely because on her cross-examination
the defendant inquired as to the precise language of the statement,
and the date of the conversation.
The defendant requested the court to charge the jury that inasmuch as it
did not appear, nor was it claimed, that the birth of the child which
occurred March 9th, 1895, was premature, the act of intercourse result-
ing in pregnancy must have occurred in June, 1894; and as no claim
was made of any intercourse between February and July, 1894, the
defendant was entitled to a verdict. *Held* that this was a request to
charge upon a matter of fact and as such was properly refused.
Burial expenses of the child do not fall within "expense of lying-in, and
of nursing the child," as used in § 1208 of the General Statutes. The
allowance to a neighbor and to the plaintiff's sister, each of whom
assisted in nursing the plaintiff may, under certain circumstances, be
included in the lying-in expenses.

[Argued January 28th—decided February 21st, 1896.]

BASTARDY complaint, brought originally before a justice
of the peace in the town of New Haven, by whom the de-
fendant was bound over to the Court of Common Pleas for
New Haven County, and tried to the jury, before *Hotch-
kiss, J.;* verdict of guilty and judgment for the plaintiff to
recover the sum of $171.75, and appeal by the defendant for
alleged errors in the rulings and charge of the court. *Error,
new trial granted.*

The case is sufficiently stated in the opinion.

*Samuel C. Morehouse,* for the appellant (defendant).

The court erred in admitting testimony concerning the improper relations between the parties in January and February, 1894. These relations were not claimed, and confessedly could not be claimed, to have resulted in the conception of this child. It is a different case from that of *Norfolk* v. *Gaylord,* 28 Conn., 309. The admission of evidence that these acts in January and February were only committed after a promise of marriage had been made to her by the defendant, was error. *State* v. *Lenihan,* 88 Iowa, 670. The court erred in admitting the plaintiff's statements of the paternity of the child to others. General Statutes, § 1207; 1 Sw. Dig. 46; *Benton* v. *Starr,* 58 Conn., 289. It was essential that she should have been put to her discovery in the hour of her travail. *Booth* v. *Hart,* 43 Conn., 484, 485; *Chaplin* v. *Hartshorne,* 6 id., 44; *Hitchcock* v. *Grant,* 1 Root, 107; *Warner* v. *Willey,* 2 id., 492; *Leonard* v. *Bolton,* 148 Mass., 66; *Ray* v. *Coffin,* 123 id., 365. The burial expenses of the child were improperly allowed. *Penfield* v. *Norton,* 1 Root, 345. This is a bastardy case and not one for seduction or loss of services. Equally erroneous was the allowance to the plaintiff, a minor, of the wages of Mamie Harty, her sister, lost by being at home. The services of the neighbor stand on a somewhat different footing, but they were voluntary, and there was no contract in law which could be enforced for their recovery by the neighbor.

*Tilton E. Doolittle* and *John A. Doolittle,* for the appellee (plaintiff).

The alleged errors are immaterial and no new trial should be granted. General Statutes, § 1135; *Gilbert* v. *Walker,* 64 Conn., 397; *Scofield* v. *Lockwood,* 35 id., 429. Acts of previous intercourse, and all the circumstances attending them, are admissible as tending to prove the act of intercourse by which the defendant became the father of the child. The plaintiff's declarations as to the paternity of the

child are admissible. *Benton* v. *Starr*, 58 Conn., 285; *Booth* v. *Hart*, 43 id., 480; *Robbins* v. *Smith*, 47 id., 182. The evidence of the plaintiff's pain and suffering was admissible. *Booth* v. *Hart*, *supra*. It is immaterial whether the plaintiff was put to her discovery in time of travail, or not. All the expenses allowed are incident to the maternity and birth of that child. The burial expenses were as necessary as any other expenses; even if erroneously allowed, no new trial should be granted; simply one half the sum should be deducted.

FENN, J. This is a bastardy proceeding brought by the mother, and tried to the jury in the Court of Common Pleas for New Haven county. The plaintiff obtained a verdict in her behalf, and judgment was rendered thereon by the court. The errors assigned upon appeal relate largely to the action of the court in relation to the admission of evidence. These we will first consider.

Upon the trial it was admitted that the defendant, at the time of the occurrence mentioned in the complaint, was a minor just under the age of sixteen years, and resided with his parents in West Haven in the town of Orange; that the plaintiff was unmarried, and lived with her parents in the city of New Haven; that on March 9th, 1895, the plaintiff gave birth to a male illegitimate child, who lived only a few days. The plaintiff introduced no evidence to show that such child was not a fully developed child, or a child the birth of which was premature.

The plaintiff offered evidence and claimed to have proved that on the evening of the 4th of July, 1894, an act of sexual intercourse took place between her and the defendant, and that her pregnancy resulted therefrom. The plaintiff also offered, against the objection of the defendant, evidence in chief, of two acts of sexual intercourse between herself and the defendant—one in January, and one in February, 1894. It was admitted by the plaintiff that there were no other such acts, except these two, between herself and the

defendant previous to said 4th of July, 1894. The court admitted the evidence, the defendant duly excepting.

We think this ruling of the court, though going closely to the verge of the law, must be sustained, upon the authority of *Norfolk* v. *Gaylord*, 28 Conn., 309, and upon the reasons and grounds therein stated.

But the court, in this connection, went further and, against the exception and objection of the defendant, allowed the plaintiff to offer evidence that she had, in January and February, 1894, consented to such intercourse only after a promise of marriage made by the defendant to her. This was clearly error. The introduction of such evidence would doubtless tend to assist the plaintiff in her effort to obtain a verdict from the jury; but it would do so, not because it aided to establish the truth of the principal matter in dispute, but because it would incite sympathy in her favor, and prejudice against the defendant. Efforts to introduce, in jury trials, evidence only desirable for such reason, should not meet with especial favor from this court.

It was not claimed that the plaintiff was put to the discovery of the paternity of her child at the time of her travail; but in explanation, apparently, of why she was not, evidence was, against the objection and exception of the defendant, offered and received, that at the time of her parturition, and a day or two after, she was unconscious and in such a condition that she was unable to converse, and that she was given anæsthetics to relieve her of pain, so that she might have a comfortable delivery. In all probability the admission of this evidence did the defendant no especial injury, but we are unable to discover its relevancy. In connection with it, evidence, also excepted to, was offered, that about a week after delivery the plaintiff stated to the doctor, when taking certificate of birth, that the defendant was the father of her child; and that she also stated to her father, mother and sister, both before and after birth of the child, when asked by them who was the father of the child, that Thomas Malloy, the defendant, was. Regarding the above statements, no claim appears to have been presented that they

were made as near to the time of her delivery as, by reason of her condition, she was able intelligently to, and did, converse. The importance of such fact, if it had existed and appeared, we do not determine. As the case stands these statements, and others to which we will next allude, were admissible, independent of discovery at the time of travail, or they were not admissible at all.

The plaintiff also offered evidence in chief, admitted by the court against the objection of the defendant, both of herself and of several members of the family, and of others, that at various times between the 4th of July, 1894, and the birth of her child on the 9th day of March, 1895, she had stated to them that the defendant was the father of her unborn child. Except as limited by what we shall hereafter state as to particular matters, we think the views held and expressed by this court in several cases, justify these rulings of the court below. *Booth* v. *Hart*, 43 Conn., 480; *Robbins* v. *Smith*, 47 id., 182; *Benton* v. *Starr*, 58 id., 285. But the principles of these decisions will not justify the entire action of the court below, in reference to this class of evidence.

It further appears that the plaintiff testified that she told the father of the defendant that his son was the father of her child. Thereupon defendant's counsel, upon cross-examination, asked the plaintiff, " What did you tell Mr. Malloy ? " Counsel endeavored to, and did, confine his questions and the witness' answers, as to the interview, exclusively to that limit,—that is, the plaintiff's statement to the father of the defendant, and the date of the conversation. On re-direct, plaintiff's counsel claimed the entire conversation, and the court, against the objection of the defendant, allowed it to be given by the plaintiff. She stated that the defendant's father gave her a dollar and told her to go down to a drug store and buy pills, " a box of Hooker's pills ; " that she went, got them, came back and showed them to Mr. Malloy; that he told her they would bring her round right; asked her how many the prescription said to take ; she replied three ; " well," he says, " you never mind, three isn't enough, you take seven or eight."

Another objection made by the defendant was that here was the conversation of two interviews, all admitted because the defendant asked for the specific language used by the plaintiff in making her statement to the father of the defendant, that his son was the father of her unborn child. Surely, the defendant's counsel objected faithfully, but his only relief was that to his objection counsel for plaintiff interjected, " We have heard that over and over again." Then the court said : " I think having admitted that first interview—you having called for the whole conversation at the first interview—that the conversation at a subsequent interview on the same subject is admissible." Certainly the record shows that all the conversation at the first interview was not called for, or desired by the defendant ; and neither the said ground stated for the ruling, nor the ruling itself, if it had such a basis, was correct.

There was also error in the action of the court in admitting a letter from the plaintiff to the defendant's father ; but as this action was based upon and in extension of the other ruling to which we have just referred,—as was also the evidence of one Condon as to what the defendant's father said and did when he received the letter,—and as such action arose under peculiar circumstances, which can hardly exist upon another trial, it is unnecessary to go into the details which would be essential in order to make the matter plain to those who are not familiar with the case.

The defendant has also assigned as error in his reasons of appeal, the refusal of the court to charge the jury as desired by him in his second and third requests, to the effect that as it did not appear, nor was claimed, that the birth of the child was premature, the act causing pregnancy must have occurred early in June, 1894 ; and that, as it was not claimed that the defendant had any intercourse with the plaintiff between February, 1894, and July 4th of that year, upon the facts the verdict should be for the defendant. The court held this to be a request to charge the jury upon a question of fact, and declined. This action we think correct.

Error is also assigned in the action of the court in the per-

formance of its statutory duty, under General Statutes, § 1208, in ascertaining " the expense of lying-in, and of nursing the child." The only item, the including of which in the bill, upon the finding, appears to us clearly erroneous, is that of $25 for burial expenses. It may be a matter for regret that the language of the statute is not broad enough to justify this; but we cannot hold that it is. The only other items objected to, are the allowance to a neighbor who assisted in the nursing, and to the plaintiff's sister who assisted for a period of three weeks. The question raised as to these items may be a close one, but under all the circumstances detailed we think the action of the court correct.

. There is error, and a new trial is granted.

In this opinion the other judges concurred.