Gemmill *v.* The State, *ex rel.* Brown.

---

## GEMMILL *v.* THE STATE, EX REL. BROWN.

[No. 1,942.   Filed April 23, 1896.   Rehearing denied October 2, 1896.]

BASTARDY.—*Evidence.— Engagement to Marry.*— Evidence of an engagement to marry between the accused and the relatrix in a bastardy proceeding, is admissible to show the relation upon which they stood to each other.   *p. 155.*

SAME.—*Evidence.*— Evidence of the time and frequency of acts of sexual intercourse occurring near the time of conception, between the accused and relatrix in a bastardy proceeding, is admissible where the accused has admitted having sexual intercourse within a short time thereafter, but denies the particular act resulting in conception.   *p. 155.*

SAME.—*Evidence.— Cross-Examination of Defendant.— Letters.*—It is not error to permit the defendant in a bastardy proceeding to be asked on cross-examination if he wrote certain extracts from letters which were read by counsel for relatrix, such extracts containing statements contradictory to his testimony in chief, and not being garbled or wrested from their proper meaning, the entire letters having been subsequently offered and read in evidence.   *p. 156.*

WITNESS.—*Cross-Examination, Scope Of.*—When on direct examination a general subject is opened up, the cross-examination is not confined to matters particularly brought by the original examination, but may extend to any and all phases of that subject.   *p. 158.*

SAME.—*Impeachment.*—A witness who had lived for many years in a neighborhood from which he had moved four months before giving his testimony, may be impeached by showing his reputation in such neighborhood.   *pp. 158, 159.*

APPEAL.—*Bill of Exceptions. —Record.*—When time is given beyond the term to file a bill of exceptions, this fact must appear from the record by order-book entry, and not by statement in the bill of exceptions.   *p. 159.*

From the Delaware Circuit Court.  *Affirmed.*

*J. W. Headington, J. F. LaFollette, O. H. Adair, J. J. M. LaFollette, J. W. Ryan* and *Wm. A. Thompson,* for appellant.

*J. N. Templer, E. R. Templer, W. H. Williamson* and *Joseph Sells,* for appellees.

GAVIN, C. J.—Appellant was adjudged the father of the bastard child of relatrix, but asserts he is entitled to a new trial.

There was no error in admitting proof of an existing engagement to marry between appellant and relatrix. It was said by Olds, J., in *Ramey* v. *State, ex rel.,* 127 Ind. 243: "It was proper to show the relations existing between these parties, their acquaintance and their intimacy of whatever character it was." Such evidence is admitted, not because it has any direct tendency to prove illicit intercourse between the parties, but simply because it is an incidental circumstance to inform the jury of the footing upon which they stand toward each other. *Marks* v. *State, ex rel.,* 101 Ind. 353; *Francis* v. *Rosa,* 151 Mass. 532, 24 N. E. 1024.

Relatrix testified that the child was begotten about March 1. Appellant denied having intercourse with her at that time, but admitted that he did so, for the first time, upon April 6 following. Complaint is made because the court required him to answer as to when and how frequently he had such intercourse after that time. While the court held this question proper, and it was asked repeatedly, we have been unable to find any answer which indicated to the jury either when or how frequently this occurred. Even had it been directly answered we are unable to see how appellant could have been harmed thereby. The circumstances surrounding appellant and relatrix, their outward

relations and their opportunities for intimacy, were about the same for months previous to April 6, and for some time afterward as at that time. His admission that he was disposed to engage in this commerce during a period so near to the time of conception would have some weight to corroborate the girl's testimony that he was of the same mind shortly before. *Thayer* v. *Thayer*, 101 Mass. 111, quoted with approval in *State* v. *Markins*, 95 Ind. 464; *Beers* v. *Jackman*, 103 Mass. 192.

Exception is taken to the court's permitting parts of certain letters to be read to appellant while on the stand and in allowing him to be asked "Did you write that language in that letter?" Counsel insist that it was not proper to thus put the letters to the jury by piecemeal, nor to allow a cross-examination based upon the contents of these letters, and that they did not respond to anything brought out upon the original examination. At section 463, 1 Greenleaf Ev., it is said that on cross-examination counsel will not be permitted to represent, in the statement of a question, the contents of a letter, and to ask the witness whether he wrote a letter to any person with such contents or contents to the like effect, without having first shown to the witness the letter, and having asked him whether he wrote that letter, and his admitting that he wrote it. Again at section 465 it is further stated: "A witness cannot be asked upon cross-examination, *whether he has written such a thing*, stating its particular nature or purport, the proper course being to put the writing into his hands, and to ask him whether it is his writing." This rule, which has been abrogated by statute in England, was founded upon the decision of the Law Judges in the Queen's Case, 2 Brod. and Bing. *286, and has been approved in this country so far as it defines the nature of the question

to be asked. *Stamper* v. *Griffin*, 12 Ga. 540; *Romertze* v. *East River Nat'l Bank*, 49 N. Y. 577; Rapalje on Witnesses, sections 205, 206. It has also been accepted in Indiana. *McCullough* v. *McCullough*, 12 Ind. 487.

While this is laid down as the ordinary course of procedure, yet the original opinion given by the judge to the house of lords, Greenleaf, Rapalje, and the New York Court of Appeals recognize that, while the cross-examiner should ordinarily first make known to the jury the contents of the letter when he offers it on his side of the case, the trial court will, upon proper statement of the necessity therefor, in the furtherance of justice, permit the letter, if otherwise competent, to be read immediately and pending the cross-examination that questions may be asked founded upon it. Here the letters were submitted to appellant before he was interrogated concerning them and he admitted writing them. Counsel have not pointed out nor have we observed any respect wherein the extracts as to which he was particularly questioned, were, in fact, garbled, incomplete, or wrested from their proper connection so as to convey any false impression as to their meaning. The entire letters were subsequently offered and read in evidence. Under these circumstances appellant was not subjected to any unfair treatment, nor was there any possibility of material wrong resulting to him from the mode of examination pursued.

Under the above authorities and *Foss-Schneider Brewing Co.* v. *McLaughlin*, 5 Ind. App. 415, there was no error in permitting appellant to be questioned as to certain matters referred to in the letters.

From the statements upon the stand and the letters considered in connection therewith, the jury might well have concluded that appellant's present version of the facts was not in harmony with the real truth.

It is true, as stated by some of the authorities cited by appellant, the cross-examination must be limited to the subject-matter of the original examination. *Hunsinger* v. *Hofer*, 110 Ind. 391; *Johnson* v. *Wiley*, 74 Ind. 233; *Toledo, etc., R. W. Co.* v. *Harris*, 49 Ind. 119.

This does not mean, however, that on cross-examination no questions may be asked save as to matters particularly brought out by the original examination. On the contrary when a general subject is opened up, the cross-examination may extend to any and all phases of that subject. *Louisville, etc., R. W. Co.* v. *Wood*, 113 Ind. 544. *Vogel* v. *Harris*, 112 Ind. 494.

Appellant had denied the paternity of the child and the particular act of intercourse by which it came into being. His subsequent conduct and statements as exemplified in portions at least of these letters were to some extent inconsistent with such denial. So far as there was in them anything which could even remotely affect the case they were in a greater or less degree antagonistic to appellant's theory of the facts. They were therefore properly admitted in evidence.

The trial was had May 22, 1895. There was evidence that one Joe Gemmill had been raised and lived many years in the neighborhood where appellant lived, but had gone to Chicago in the winter of 1894-5, three or four months before the trial. This Joe Gemmill was a witness for appellant, his deposition having been taken May 8, 1895. He was properly impeached by proof of his bad character in the neighborhood where he had lived so many years. While evidence of character goes to fix the credibility of the witness at the time he testifies, the proof cannot be limited to that particular day, but may extend back for a reasonable period of time, its weight being dependent upon the proximity in time and the other circumstances of the

case. It is very manifest that no ordinary man would in a city like Chicago establish any general reputation either good or bad within three or four months. Were there not a reasonable margin of time over which the investigation might extend, the witness might by a recent removal make evidence which was really wholly worthless, unimpeachable. The case in hand shows an extreme instance of the possibility of such a wrong were we to adopt the rule asserted by appellant. It is true that there are sentences and statements in cases cited by appellant which, when literally construed, sustain more or less appellant's position. *City of Aurora* v. *Cobb,* 21 Ind. 492; *Chance* v. *Indianapolis, etc., Gravel Road Co.,* 32 Ind. 472; *Rawles* v. *State, ex rel.,* 56 Ind. 433; *Meyncke* v. *State, ex rel.,* 68 Ind. 401.

Later authorities, however, establish the doctrine which we have declared, both in our State and elsewhere. *Louisville, etc., R. W. Co.* v. *Richardson,* 66 Ind. 43; *Pape* v. *Wright,* 116 Ind. 502; *Keyes* v. *State;* 122 Ind. 527; *Brown* v. *Luehrs,* 1 Ill. App. 74; *Blackburn* v. *Mann,* 85 Ill. 222; *State* v. *Lanier,* 79 N. C. 622; *Keator* v. *People,* 32 Mich. 484; *Watkins* v. *State,* 82 Ga. 231, 8 S. E. 875; *Holliday* v. *Cohen,* 34 Ark. 707; *Kelly* v. *State,* 61 Ala. 19; *Commonwealth* v. *Billings,* 97 Mass. 405.

The question on character, as to the exclusion of which appellant complains, was clearly directed, not to developing the character of Gemmill, the witness attacked, but was really an assault upon that of relatrix. It was properly ruled out.

When time is given beyond the term to file a bill of exceptions, this fact must appear from the record by order-book entry, and not by statement in the bill of exceptions. *Benson* v. *Baldwin,* 108 Ind. 106; *Engleman* v. *Arnold,* 118 Ind. 81; *DePauw University* v.

*Smith*, 11 Ind. App. 313; Elliott's App. Proced., section 801.

Our conclusion is that no just cause for reversal exists.

Judgment affirmed.

Lotz, J., did not participate.