Appeal from First District.

## STATE v. HAMMOND.

No. 2644.  Decided  January  27,  1915.  Rehearing  Denied  May  8,
1915 (148 Pac. 420).

1.  STATUTES—SUBJECTS  AND  TITLES—BASTARDY.  Laws  of  Utah
    1911, c. 62, the title of which is "an act relating to bastardy and
    providing for security for the support of illegitimate children,"
    does not offend against Const. art. 6, section 23, prohibiting the
    passage of bills containing more than one subject, which shall
    be expressed in its title.[1]  (Page 251.)

2.  BASTARDS—EVIDENCE—ILLICIT  INTERCOURSE.  In  bastardy  pro-
    ceedings, it is proper to show any acts of sexual intercourse
    within the period of gestation.[2]  (Page 252.)

3.  BASTARDS—EVIDENCE—ILLICIT  INTERCOURSE.  In  bastary  proceed-
    ings, where one or more acts of intercourse are shown to have
    occurred between the parties within the period of gestation,
    other acts of intimacy or intercourse occurring within a rea-
    sonable time before the act relied on may be shown as bearing
    upon the probability of intercourse at the time stated in the
    complaint.[3]  (Page 253.)

4.  BASTARDS—EVIDENCE—ILLICIT  INTERCOURSE.  As against a prose-
    cutrix in bastardy proceedings, no act of sexual intercourse with
    others than defendant may be shown by cross-examination or
    otherwise, unless within the period of gestation.   (Page 253.)

5.  BASTARDS—APPEAL—HARMLESS  ERROR—ADMISSION  OF  EVIDENCE.
    Any error in admitting evidence in a bastardy proceeding will
    be held cured by the court's action in striking it out and direct-
    ing the jury to disregard it.[4]  (Page 254.)

6.  WITNESSES—MEMORANDUM—REFRESHING  RECOLLECTIONS.  In  bas-
    tardy proceedings, it was not error to permit the doctor who
    attended prosecutrix in childbirth to testify to the date of the
    birth of the child after having refreshed his memory from a
    memorandum book just before he was called, instead of while
    he was giving his testimony.  (Page 254.)

[1]*Edler* v. *Edwards*, 34 Utah, 13, 95 Pac. 367; *Marioneaux* v. *Cutler*,
32 Utah, 475, 91 Pac. 355.
[2]*State* v. *Reese*, 43 Utah, 447, 135 Pac. 270.
[3]*State* v. *Reese*, 43 Utah, 447, 135 Pac. 270.
[4]*Loofbourow* v. *Railway Co.*, 33 Utah, 484, 94 Pac. 981.

7. BASTARDS—EVIDENCE—CONVERSATIONS. In bastardy proceedings evidence by the prosecutrix as to conversations between her and defendant before he was arrested concerning their friendly relations was admissible. (Page 254.)

8. BASTARDS—EVIDENCE—LETTERS. In bastardy proceedings, the admission in evidence of letters from defendant to prosecutrix tending to show that they were lovers was proper. (Page 254.)

9. BASTARDS—APPEAL—PRODUCTION OF EVIDENCE—WAIVER. In order to predicate error on the court's refusal to require the state to produce all letters written by defendant to the prosecutrix in a bastardy proceeding, it was insufficient merely to demand the letters from the state's attorney on the trial. (Page 255.)

10. BASTARDS—TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESS. In bastardy proceedings, an instruction that the whole testimony of a witness might be disregarded if the jury believed that he had testified falsely as to a material fact was not erroneous because it failed to contain the qualifying clause, "unless the witness is corroborated by other credible evidence."[5] (Page 255.)

11. BASTARDS—TRIAL—VERDICT. In a bastardy proceeding, an instruction as to the form of the verdict, "Your verdict in this case must be either guilty of having sexual intercourse with ———— (the prosecutrix), and being the father of her bastard child as charged in the information, or not guilty of having sexual intercourse with ———— (the prosecutrix) and being the father of her bastard child, as charged in the information, as your deliberation may result," was not defective as requiring the jury to find, not only that defendant was not guilty of intercourse, but that he was not the father of her child, in order to find for defendant, where it was not contended that prosecutrix had had intercourse with others than defendant.[6] (Page 255.)

12. BASTARDS—ORDER FOR SUPPORT—FINANCIAL ABILITY. In bastardy proceedings, the court, before fixing the amount defendant is required to contribute to the support and education of the child, should carefully inquire into the financial standing and ability of both the father and mother, and fix such a sum as under all the circumstances may be just and reasonable, not exceeding the statutory limit. (Page 255.)

Appeal from District Court, First District; Hon. *W. W. Maughan,* Judge.

[5]*State* v. *Reese,* 43 Utah 447, 135 Pac. 270. [6]*State* v. *Reese,* 43 Utah 447, 135 Pac. 270.

David Hammond was convicted of being the father of a bastard child, and was required to contribute to ·its support.

He appeals.

AFFIRMED.

*Geo. Q. Rich* for appellant.

*A. R. Barnes, Atty. Gen.*, and *E. V. Higgins* and *G. A. Iverson*, Asst. Attys. Gen., for the State.

FRICK, J.

The appellant was charged with being the father of a bastard child of which the prosecutrix was delivered some time before the trial, was found guilty, and was required to contribute to its education and support. From the judgment entered against him, he appeals. His counsel has argued twenty-eight separate assignments of error in his brief. We shall consider those which we deem possess at least some merit.

It is argued that the bastardly act (Chapter 62, Laws Utah 1911) offends against Article 6, Section 23 of the Constitution of this state, which provides:        1

''Except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title.''

The title to the act in question reads:

''An act relating to bastardly and providing for security for the support of illegitimate children.''

While this title is perhaps not the most comprehensive that could have been framed, yet it is sufficient, and fairly reflects the object or purpose of the act. This is all that is required by the constitutional provision we have just quóted. *Edler* v. *Edwards*, 34 Utah, 13, 95 Pac. 367; *Marioneaux* v. *Cutler*, 32 Utah 475, 91 Pac. 355. Although counsel has suggested a title, yet a mere cursory reading of the one proposed by him shows it to be no better than the one adopted by the Legislature. This assignment cannot prevail.

It is next contended that the court erred in permitting the

State to prove two acts of sexual intercourse between the prosecutrix and appellant, one as having occurred on the 3d day of December, and the other ten days previous, to wit, on the 23d day of November preceding. The intercourse which it was alleged, resulted in pregnancy was stated in the complaint as having occurred on the 3d day of December, 1911; hence it is insisted that it was error to permit the prosecutrix to testify to the one occurring on the 23d day of November preceding the 3d day of December after she had testified to the later one. The evidence was proper. Both acts were well within the period of gestation, as is shown by the record, and it is always proper to show any acts of intercourse within that period. Indeed, it has been held that, as tending to establish the probability of the act or acts of intercourse testified to as having occurred within the period of gestation, other acts of familiarity and of intercourse occurring within a reasonable time both before and after the act relied on as producing the pregnancy in question may be shown. In *People* v. *Jamieson,* 124 Mich. 165, 82 N. W. 835, the rule is stated thus:

"Acts of intercourse and undue familiarity both before and after the alleged act resulting in conception are admissible as bearing upon the probability of the intercourse at the time stated in the complaint."

To this effect are *People* v. *Schilling,* 110 Mich. 412, 68 N. W. 233; *People* v. *Keefer,* 103 Mich. 83, 61 N. W. 338; *Gemmill* v. *State,* 16 Ind. App. 154, 43 N. E. 909; *State* v. *Smith,* 47 Minn. 475, 50 N. W. 605; *Baker* v. *State,* 69 Wis. 32, 33 N. W. 52; *Thayer* v. *Davis,* 38 Vt. 163; *Holcomb* v. *People,* 79 Ill. 409. In the last case cited it is held that the time named in the information is not material, and that any other act or acts of intercourse within the period of gestation may be shown which it is claimed may have caused the conception in question. It follows, as a matter of course, as pointed out by us in *State* v. *Reese,* 43 Utah, 447, 135 Pac. 270, that, unless an act of intercourse between the prosecutrix and the accused is shown to have occurred within the period of gestation, all other acts of intercourse, if any, are immaterial and improper as evidence.

Where, however, an act, or several acts, of intercourse, are shown to have occurred between the parties within said period, then other acts of intimacy, and of intercourse, occurring within a reasonable time before the act relied on, may be shown for the purpose stated in the excerpt quoted from the Michigan case, *supra.* While in Michigan and some other states it is held that acts of intercourse occurring after impregnation takes place, as well as those occurring before, may be shown as secondary evidence, yet we think the better rule and weight of authority is to the effect that the evidence in that regard should be limited to acts of intercourse occurring a reasonable time before conception takes place. What constitutes a reasonable time in such cases is not clearly defined by the authorities. No doubt, in that regard much depends upon the relationship of the parties; that is, whether they are unmarried, are lovers, or are engaged to be married, or have been otherwise intimate. The facts of each case, to some extent at least, will furnish a basis for the admission of such evidence. Again, where the accused admits that acts of intercourse took place between him and the prosecutrix before the period of gestation, but denies any act within that period, notwithstanding the prosecutrix has testified to an act or acts occurring within that period, the courts in such cases seem more liberal in permitting evidence of acts of familiarity and intimacy. As pointed out, however, in *State* v. *Reese, supra,* mere isolated acts where the parties are not lovers, or are not engaged to be married, when remote, should not be admitted in evidence.

We remark, in passing this subject, that it should not be assumed that the rule of admitting such evidence applies against the prosecutrix as well as against the accused. Such is not the law. As against her, all acts of intercourse with others, if any have occurred, must be limited to the period of gestation. This is so, whether they are sought to be elicited from her on her cross-examination or are attempted to be shown by independent evidence. *Holcomb* v. *People, supra; Sang* v. *Beers,* 20 Neb. 374, 30 N. W. 258; *Masters* v. *Marsh,* 19 Neb. 458, 27 N. W. 438. What has been said also disposes of the contention that the court erred in per-

mitting the state to show the conduct of appellant and the prosecutrix with regard to "keeping company" and in keeping up a correspondence, and otherwise.

It is further contended that error was committed in admitting certain evidence which was stricken from the record, and which the jury were instructed to disregard. We think this question is ruled by what is said in *Loofbourow* v. *Railway Co.*, 33 Utah 484, 94 Pac. 981, and in *Hopt* v. *Utah*, 120 U. S. 430, 7 Sup. Ct. 614, 30 L. Ed. 708. We are convinced that appellant suffered no prejudice by reason of what occurred at the trial, and that his rights under the circumstances were amply protected by striking the evidence objected to, and in instructing the jury to disregard it.

It is also insisted that the District Court erred in permitting the doctor who attended the prosecutrix in childbirth to testify to the date when the child was born from the fact that just before he was called to testify he had refreshed his recollection from an entry in his book in which the date of the birth of the child was recorded. No prejudice resulted to appellant from what happened in that regard. If the doctor had testified with his memorandum book in his hand at the time he could have refreshed his recollection by having recourse to the book. What was in fact done amounted to no more than that. The entry in the book, unless it constituted a public record, would not have been proper evidence as against appellant, but, in view that the doctor had made the entry in the book at or about the time of the birth of the child, he, under every rule of evidence, would have been permitted to refresh his memory, if necessary, by consulting the memorandum either before or at the time he was called to testify in the case.

It is further urged that the court erred in permitting the prosecutrix and others to testify to certain conversations which occurred between her and appellant before he was arrested concerning their friendly relations (not intercourse), and what he had said to her at the time with regard thereto. It is also insisted in that connection that the court erred in allowing in evidence certain letters written by appellant to the prosecutrix in which it was made to appear

that the two were lovers, and had sustained relations of friendship and familiarity. All of these matters were clearly proper to be shown. 5 Cyc. 662; *Williams* v. *State*, 113 Ala. 58, 21 South. 463; *Walker* v. *State*, 92 Ind. 474; *Sullivan* v. *Hurley*, 147 Mass. 387, 18 N. E. 3.

It is next contended that the court erred in not requiring the state to produce all of the letters which the appellant had written to the prosecutrix. Nothing is made to appear how, if at all, these letters or any of them had any bearing upon the issues to be tried. But in any event, if counsel thought the letters material or relevant, he could have had them produced, if in existence, by complying with the statute and rules relating to the production of evidence. Merely to demand those letters from the counsel representing the state at the time of the trial is not sufficient to predicate error upon the ruling of the court which is complained of here.

It is also insisted that the court erred in its charge to the jury. The instructions complained of are precisely the same as those we reviewed in *State* v. *Reese, supra*. The two complained of are copied verbatim in 43 Utah, 447, 135 Pac. 273, 274, to which we refer the reader. It is there shown that appellant's objections are not tenable, and it is deemed needless to add anything to what is there said upon the subject. Nor is there any merit to the contention that the court erred either in refusing the requests offered by appellant or in charging the jury as was done in the court's principal charge.

Finally it is contended that the court erred in fixing the amount the appellant is required to contribute toward the support and education of the child in question. As intimated in *State* v. *Reese,* the court, before fixing the amount, should carefully inquire into the financial standing and ability of both the father and mother of the child in question, and fix such a sum as, under all the circumstances, may be just and reasonable, not exceeding the limit named in the statute. It is not made to appear that the appellant is not abundantly able to pay the amount fixed by the court, nor that the amount he is required to contribute is

not just and reasonable.  In view of that we are powerless to review the court's acts in that regard.

There are several other matters assigned as error and argued in the brief, but all of those are of no special consequence, and in no way affect either the legality of the result or the fairness or impartiality of the proceedings.

A careful examination of the record reveals no reversible error.  The judgment is therefore affirmed, with costs.

McCARTY, J., concurs.

STRAUP, C. J.

I concur.  A witness, of course, may aid his memory by referring to a writing or entry made by him reasonably contemporaneous with the transaction.  When memory is restored he may then testify to the fact.  It is not essential in such case that the writing or document itself be produced. The failure to produce it goes to the weight, but not to the competency, of the testimony.

I also think it competent to show a criminal intercourse between the parties at any time it is claimed and may reasonably be presumed the bastard was conceived, whether such time is before or after the precise date alleged.  And for secondary purposes, and as bearing on the question of whether such intercourse was had by them, their prior, but not subsequent, intercourses may be shown.  Proof of a criminal intercourse has some corroborative value that a subsequent alleged intercourse took place, but not a prior alleged or claimed intercourse.  Though there are a few cases to the contrary, yet this, I think, is the great weight of authority and the rule to which we are committed.  The evidence admitted was in accordance with it.