## COTTS v. STATE.

No. 16442—Opinion Filed April 27, 1926.

1. **Bastards—Bastardy Proceeding — Evidence of Defendant's Conviction of Crime of Rape as Affecting His Credibility.**

Evidence that the defendant had been convicted of the crime of rape is admissible in a proceeding for bastardy for the purpose of affecting the credibility of the defendant; however, such evidence cannot be considered by the jury for the purpose of establishing guilt unless the act of sexual intercourse constituting rape was had with the complaining witness within the period of gestation.

2. **Same—Cross-Examination of Defendant —Scope.**

Where the defendant in a bastardy proceeding is asked if he had made the statement to a certain person that he had had sexual intercourse with the prosecuting witness, it is error to compel the witness to answer the question unless the time of the act of intercourse be fixed within the period of gestation.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Payne County; L. H. Woodward, Judge.

Action by the State of Oklahoma against William Cotts for bastardy and for maintenance of child. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

John P. Hickam, for plaintiff in error.

C. C. Suman, County Atty., for defendant in error.

Opinion by WILLIAMS C. The plaintiff in error was convicted of the crime of bastardy and ordered to pay to the mother of the child $800 for the maintenance of the child, and he appeals to this court.

Numerous assignments of error are urged in the petition in error, but only such as are presented and argued in plaintiff in error's brief will be considered.

The first assignment of error to be considered is:

"The court erred as a matter of law in permitting the introduction of incompetent, irrelevant, and immaterial testimony by the plaintiff, the state of Oklahoma, prejudicial to the defendant and prejudicing his rights, to which the defendant, at the time and in the course of said trial, objected, and which objection was by the court overruled, to which ruling of the court the defendant, at the time, excepted, and which exception was by the court allowed, as shown by the record in said cause."

The defendant took the witness stand and testified in his own behalf and the testimony complained of was elicited on cross-examination, and is as follows:

"Q. Mr. Cotts, have you been convicted of the crime of rape? A. Yes, sir. Q. You were convicted of rape in this case, were you? A. Yes, sir. Q. By Mr. Hickam: The defendant moves the court to strike out the last question and answer for the reason that the same is incompetent, irrelevant, and immaterial, and for the further reason that it is repetition. By the Court: Objection overruled; exceptions allowed."

The inquiry of the defendant as to whether he had been convicted of the crime of rape was competent for the purpose of affecting the credibility of the witness, and could only have been considered by the jury for that purpose, in case the act of intercourse constituting rape came within the period of gestation.

The admission of the testimony without the proper instruction of the court, which was not given, as to the weight to be given such testimony, constitutes reversible error. The jury might not only have considered such testimony for the purpose of af-

.fecting the credibility of the witness but also for the purpose of establishing the guilt of the defendant.

In the case of McDaniel v. State of Oklahoma, 8 Okla. Cr. 209, 127 Pac. 358, it is said:

"When a witness admits that he had been convicted of a felony, the opposite party may go further and require him to state what felony, because different felonies indicate different degrees of infamy."

The plaintiff in error next complains of the admission of the following testimony:

"Q. You told Carter Porter that you didn't deny of having sexual intercourse with this girl? By Mr. Hickam: We object to that as incompetent, irrelevant, and immaterial, unless he names the time and place. By the Court: Objections overruled. Exceptions allowed. By Mr. Suman: Q. You told Carter Porter that, didn't you? A. Yes, sir."

1 Greenleaf on Evidence (13th Ed.) sec. 462, lays down the rule that before a witness can be impeached for statements made outside of the courtroom contrary to the statements made on the witness stand, the attention of the witness must first be called to the time and place and the person involved in the supposed contradiction.

In Kuhn v. Poole, 27 Okla. 534, 112 Pac. 962, the third paragraph of the syllabus is as follows:

"Before a witness can be impeached by proof of contradictory statements made by him outside of the courtroom, his attention must first be called to the time, place, and person involved in the supposed contradictory conversation in a manner sufficiently definite that there is a reasonable certainty that the recollection of the witness will be refreshed and his attention directed to the alleged conversation."

The reason for the strict enforcement of the foregoing rule in the instant case is apparent. The defendant in the instant case is charged with the crime of bastardy, and in order for the testimony to have been competent it was first necessary to show that the statement of the plaintiff in error to the effect that he had had sexual intercourse with the complaining witness came within the period of gestation; otherwise such testimony would be incompetent, not only incompetent, but highly prejudicial to the rights of the defendant. The question might have been asked for the purpose of impeaching the defendant, if he denied making the statement, but in this proceeding, as the witness answered that he did

make the statement, the jury no doubt considered the evidence in arriving at the guilt of the defendant. The failure to fix the time and place, if the question had been used only for impeachment purposes, might not have been so prejudicial, but as the witness answered that he made the statement, the failure to fix the time was prejudicial error to the rights of the defendant. This question might have served a double purpose, if the time had been fixed, but since the form of the question and the answer were probably considered and weighed by the jury in determining the guilt of the defendant in this proceeding, the failure to fix the time was highly prejudicial to the rights of the defendant.

The fourth and last assignment of error is:

"For the reason that the court erred as a matter of law in excluding from the consideration of the jury, competent, relevant, and material testimony offered by the defendant, in his behalf, and sustaining the objection of the state of Oklahoma to such testimony, to which ruling of the court the defendant, at the time, in the record, duly excepted, and which exception was by the court allowed."

We have examined the evidence excluded, and find no error in the exclusion of the same.

For the foregoing reasons, the cause is reversed and remanded, with directions to grant the defendant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 991 § 120 (Anno); p. 993 § 123; 40 Cyc. p. 2607. (2) 7 C. J. p. 991 § 120.