## SIEFKER v. STATE.

No. 17329. Opinion Filed Nov. 22, 1927.

(Syllabus.)

**1. Bastards—Bastardy Proceedings — Evidence—Acts of Intercourse—Time.**

In bastardy proceedings evidence of acts of sexual intercourse at a reasonable time before conception are admissible as bearing upon the probability of the intercourse at the time of conception. The limit within which these acts are admissible is largely a matter of discretion for the trial court.

**2. Same—Evidence of Promise to Marry.**

Evidence that defendant voluntarily promised to marry complainant, or that the parties were engaged, is competent in bastardy proceedings.

**3. Trial—Refusal of Requested Instructions Partially Improper or Covered in General Charge.**

It is not error for the court to refuse an instruction, although a part of the same is a correct statement of the law, where it appears that another part is in effect a comment upon the weight of the testimony, especially where the general instructions covered the material principles of law involved in said case.

Commissioners' Opinion, Division No. 1.

Error from District Court, Kiowa County; J. S. Carpenter, Judge.

Action in the name of the State of Oklahoma, by the County Attorney of Kiowa county, on complaint of Pearl Johnson, alleging that the defendant, Ed Siefker, is the father of her illegitimate child. Judgment for the plaintiff in the sum of $10 a month for 15 years, and defendant appeals. Affirmed.

Geo. L. Zink and Clayton Carder, for plaintiff in error.

C. G. Bass, Co. Atty., and Rummons & Hughes, for the State.

FOSTER, C. In this action Pearl Johnson, a resident of Kiowa county, Okla., accuses Ed Siefker as being the father of her illegitimate child. The court allowed evidence to go to the jury: First, of sexual intercourse before the period of gestation; and, second, evidence of a promise to marry, both of which are by proper assignments set up as error.

The first proposition above stated has been before many courts, and the weight of authority is to the effect that acts of intercourse, before the alleged act resulting in conception, are admissible as bearing on the probability of the intercourse at the time stated in the complaint and as tending to show intimacy between them. Thayer v. Davis, 38 Vt. 163; Brantley v. State, 11 Ala. Ap. 144, 65 South. 678; Harty v. Malloy, 67 Conn. 339, 35 Atl. 259; Norfolk v. Gaylord, 28 Conn. 309; Ramey v. State, 127 Ind. 243, 26 N. E. 818; Gemmill v. State, 16 Ind. App. 154, 43 N. E. 909; Peo. v. Jamieson, 124 Mich. 164, 82 N. W. 835; Peo. v. Schilling, 110 Mich. 412, 68 N. W. 233; Peo. v. Keefer, 103 Mich. 83, 61 N. W. 338; State v Hammond, 148 Pac. 420; Baker v. State, 69 Wis. 32, 33 N. W. 52.

The only limit in this kind of evidence is that it must be sufficiently near in point of time and sufficiently significant in character to afford an inference of the moral condition to be proved, and this limit must be fixed to a great extent by the discretion of the trial judge who tries the case. 7 C. J. 993; Beers v. Jackson, 103 Mass. 192; State v. Hammond (Utah) 148 Pac. 420.

Plaintiff in error relies almost entirely upon the case of Cotts v. State, 117 Okla. 215, 246 Pac. 218, in which case it is held in the first syllabus as follows:

"Evidence that the defendant had been convicted of the crime of rape is admissible in a proceeding for bastardy for the purpose of affecting the credibility of the defendant; however, such evidence cannot be considered by the jury for the purpose of establishing guilt unless the act of sexual intercourse constituting rape was had with the complaining witness within the period of gestation."

The facts in this case are not the same as in the case at bar. However, it appears that the general rule as set out in the above syllabus is contrary to the rule as hereinabove stated. The question presented in the Cotts Case came about on an objection to testimony given by the defendant, Cotts, on cross-examination; the act therein complained of being without the period of gestation, the court held the same to be reversible error because proper instructions were not given as to its purpose.

The statement in that case, to the effect that acts of sexual intercourse had without the period of gestation were not competent,

is in part dictum; and while it clearly expresses the opinion of the court, we are of the opinion that it is not founded upon good reasoning nor supported by the weight of authority, and therefore refuse to follow the same.

The testimony in this case shows that for practically a year and a half prior to the natural date of conception the complainant and defendant had intercourse at any time when the opportunity presented itself, this testimony being given by the complainant on direct examination, and we believe it was a matter of discretion within the power of the trial court to admit said testimony, and in this case we do not believe it abused its discretion.

It is well established in many jurisdictions, and we believe correctly, that evidence to the effect that the defendant promised to marry complainant, or that the parties were engaged, is competent where such promise or engagement is voluntarily made, and not a compromise or settlement. 7 C. J. 991; Laney v. State, 109 Ala. 34, 19 South. 531; Brantley v. State, 11 Ala. App. 144, 65 South. 678; Johnson v. Dahle (Neb.) 123 N. W. 437. However, the fact that the complainant consented to the act of sexual intercourse only after a promise to marry, is not competent. Harty v. Malloy, supra.

The evidence in this case does not indicate whether the promise to marry was made before or after the acts complained of, nor does it appear that the promise to marry was a condition required by the complainant before the acts of sexual intercourse occurred, and, under the conditions in this case, we are of the opinion that the court did not err in admitting the testimony.

The next assignment of error is based on the refusal of the court to give defendant's offered instruction No. 10, which is as follows:

"You are further instructed that before the accused can be found guilty, the evidence on the part of the state must establish, by a preponderance of the evidence, that he had sexual intercourse with the prosecutrix within the period of gestation, and unless this is shown, the conduct of the defendant and that of the prosecutrix, outside of the period, if the evidence discloses any improper conduct, is wholly immaterial and irrelevant. In this case the prosecutrix has testified to one act of sexual intercourse within the period of gestation, and, which she says occurred on the 6th day of August, 1924, and that the evidence shows conclusively that the child borne by the prosecutrix was born on the 10th day of April, 1925. You have a right to take into consideration the normal period of gestation, as established by the evidence in this case, to wit: 280 days, and the fact that the child borne by the prosecutrix was, at the time of birth a normal baby, in ascertaining whether or not the defendant is guilty of the charge and is the father of the baby that was borne by the prosecutrix, and you have the right to question all the facts and circumstances in evidence in the case, in your deliberations, to ascertain the guilt or innocence of the defendant."

After a careful examination of the above instruction, we are of the opinion that it was not error for the court to refuse to give the same, because the first part of said instruction, we believe, is included in the general instructions given by the court, and the latter part of said instruction is in effect a comment upon the weight of the testimony.

No authorities are cited nor argument made on the other assignments of error, and it will be assumed that they are waived by the defendant.

From an examination of the entire record, we believe the defendant had a fair and impartial trial, and that the judgment of the lower court should be and is hereby in all things affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. pp. 992, 993, §123! 3 R. C. L. p. 763; 1 R. C. R. Supp. p. 891; 4 R. C. L. Supp. p. 216. (2) 7 C. J. p. 991, §120. (3) 38 Cyc. pp. 1647, 1707, 1711; 14 R. C. L. p. 770; 4 R. C. L. p. 918; 5 R. C. L. Supp. p. 776.