### SARAH A. HAWES *vs.* JOHN F. GUSTIN.

An inhabitant of the same town with a complainant, who has instituted proceedings under *St.* 1859, *c.* 239, relating to the bastardy process, is incompetent to sit as a juror in the trial of the case.

The original proceedings in a case under the bastardy acts are properly had before a civil magistrate.

Defects in the warrant on which a defendant is arrested, who is charged with being the father of a bastard child, are not open to objection at the trial in the superior court.

An attested copy of the record of the proceedings before the magistrate who has heard a case

in bastardy, and ordered the defendant to give bond, according to the statute, may be filed in the superior court at any time before the trial therein.

A judge of the superior court, in which a case under the bastardy act is pending, has authority to allow amendments of a new complaint filed therein, after the entry of the case in that court.

If on a trial incompetent evidence is admitted, and the judge at once, upon reconsideration, rules that the same is incompetent, and directs it to be stricken out, with proper cautions to prevent its having any effect upon the minds of the jury, there is no ground for a new trial.

In the trial of a case under the bastardy act, it is competent to corroborate the evidence of the complainant by the evidence of a witness who was present at the time of her travail, that she then accused the defendant of being the father of her child; and if it is not then objected that the court should first determine whether, upon her accusation and examination before the magistrate, she accused the same man, and has continued constant in such accusation, that objection cannot be urged in this court.

COMPLAINT under *St.* 1859, *c.* 239, charging the defendant with being the father of a bastard child with which the complainant was pregnant.

The complaint was addressed to any justice of the peace for the county of Worcester, and the accusation and examination of the complainant were taken before Appleton Dadmun, a justice of the peace for that county, who issued a warrant returnable before Henry Chapin, another justice for the same county, on which the defendant was arrested and brought before Mr. Chapin, by whom he was ordered to give bond, according to the statute. At the return term, a new complaint was filed in the court of common pleas, signed by A. Dadmun, as the complainant's attorney. The defendant moved that the proceedings be quashed, for various defects, which need not be stated here, in the warrant on which the defendant was arrested, and in the new complaint filed in court; because no attested copy of the record of the proceedings before the magistrate who issued the warrant, or before whom the defendant was brought, had been entered or filed in court; because a justice of the peace had no jurisdiction to try the offence charged; because Mr. Dadmun, who received the complaint as magistrate, has been employed and has appeared as counsel in the prosecution of the same;[*] and for other reasons not necessary to be stated here. The court over-

---

[*] See *Kenney* v. *Driscoll*, 1 Allen, 210.

ruled the motion, but allowed the complainant to file another complaint, to be signed by her, or her attorney, other than Mr. Dadmun. Another complaint was thereupon filed, under objection, signed by Bacon & Aldrich, as her attorneys; and the defendant renewed his objection to the form of it.

Before the trial commenced, the defendant offered to show that one of the jurors upon the panel was an inhabitant of the town in which the complainant resided and had her settlement; but *Vose*, J. ruled that this, if true, would not disqualify the juror from sitting in the case, and allowed him to remain upon the panel.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*F. H. Dewey & H. Williams*, for the defendant.

*P. C. Bacon*, for the complainant.

DEWEY, J. The juror objected to was incompetent to act, and, for this reason, the objection having been seasonably taken, we think a new trial must be had. The provisions, as they now exist, in reference to prosecutions under the act for the maintenance of bastard children, under the changes introduced by *St.* 1859, *c.* 239, and Gen. Sts. *c.* 72, are such as to create a direct interest in the inhabitants of the town where the complainant resides and has her settlement. Such interest, as a general rule, disqualifies an inhabitant from acting as a juror. The excepted cases have been those where, from the necessity of the case, such jurors or other officers must act, or there would exist no provision for enforcing the laws, or the cases where direct legislation has removed the objection. To some extent this has been done, as in the case of indictments and penal actions for the recovery of any sum of money or other thing forfeited. Gen. Sts. *c.* 132, § 30.

But there is no general exemption of jurors from this objection in other cases. The Gen. Sts. *c.* 122, § 13, removes the objection only as to the city of Boston, and while exempting judges and magistrates from the objection on account of their being inhabitants of any town or city interested, obviously omits the case of jurors. This leaves jurors, upon the hearing of a case

like the present, obnoxious to the objection of being incompetent to act as such.

The examination in the present case was properly before a civil justice. *St.* 1851, *c.* 96, § 1. Gen. Sts. *c.* 72, § 13.

No objection can be taken on the trial in the superior court for any supposed defect in the form of the warrant for the original arrest of the party. There should be filed an attested copy of the record of the proceedings before Mr. Chapin, which however may be done at any time hereafter before the trial. The objections to the complaint filed in the superior court, on the ground that it did not state sufficiently the proceedings before Mr. Chapin, may be obviated by amending the same in the superior court, by leave of that court.

*Exceptions sustained.*

At the second trial in the superior court, before *Vose,* J., the complainant was called as a witness, and was allowed to testify, under objection, that she in the time of her travail accused the defendant of being the father of her child. The judge, however, before the introduction of any further evidence, ruled, upon reconsideration, that the evidence was incompetent, and directed the answer to be stricken out, saying that it would not be regarded by the jury as a part of the evidence in the case.

Sophronia Hawes was called as a witness for the complainant, and testified, under objection, that the complainant in the time of her travail accused the defendant of being the father of the child. No evidence was offered to show that the complainant, upon her examination and accusation taken before the magistrate, accused the defendant of being the father of the child.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*Williams,* for the defendant.

*Bacon,* for the complainant.

DEWEY, J. The Gen. Sts. *c.* 72, authorizing proceedings to charge the father of a bastard child with contributing to its

maintenance, have materially changed the provisions found in the Rev. Sts. *c.* 49.

In the particular of requiring the mother to accuse the putative father in the time of her travail, the necessity of proof of such fact no longer exists. It is competent evidence, and may be used as corroborating the testimony of the mother. Such being its purpose, it should of course more properly be shown by the testimony of other persons. If any error was committed by the presiding judge in allowing the mother in the first instance to testify to this fact, it was at once corrected, and the answer of the witness as to the inquiry stricken out; and the jury were instructed not to regard this as a part of the evidence in the case. This it was competent for the court to do, though it is a power to be exercised very cautiously, and accompanied by such statements as will lead the jury fully to understand that the evidence is not to be allowed to have any effect upon their minds.

The evidence of Sophronia Hawes was competent, as corroborative testimony of the mother. Gen. Sts. *c.* 72, § 8.

It is now urged that the court should have settled the preliminary question, whether the mother had accused the same person of being the father of the child upon her examination and complaint before the magistrate, and had been constant in her accusation. We do not perceive by the bill of exceptions that this objection was taken in the court below. The objection taken to the evidence of this witness was the general one as to its competency. We see no ground for sustaining that objection.

*Exceptions overruled.*