### GENEVA B. PALMER *vs.* CALLIGAN MCDONALD.

### Washington.    Opinion November 7, 1898.

*Bastardy.    Constancy of Accusation.    R. S., c. 97, § 6.*

Constancy in the accusation against the defendant made on oath before the magistrate, is a condition precedent to the maintenance of a bastardy suit. Proof of an accusation against some other person prior to the formal accusation before the magistrate, might affect the complainant's credibility as a witness, but it would not be a bar to the maintenance of her suit.

In a prosecution under the statute for the maintenance of bastard children, the presiding judge instructed the jury that "if the complainant has not been constant and has made other accusations, and still, if you are satisfied by a preponderance of the testimony that he is the father of the child, then he would be guilty." All of the evidence worthy of consideration tending to show a want of constancy on the part of the complainant, related to declarations made by her prior to the formal accusation upon oath against the defendant. As applied to the inconstancy contemplated by the statute the instruction given to the jury was erroneous; but as applied to such evidence of inconstancy as existed in this case, it was correct.

*Held;* that the defendant was not aggrieved by the instruction, and it cannot be deemed exceptionable.

ON EXCEPTIONS BY DEFENDANT.

This was a bastardy proceeding. The issue was whether or not the respondent was the father of the illegitimate child of the complainant, as alleged in her declaration, and the presiding judge in his charge to the jury stated: "If she has not been constant and has made other accusations and still, if you are satisfied by a preponderance of the testimony that he is the father of the child, then he would be guilty." To which the respondent seasonably excepted after a verdict against him.

*C. B. Donworth,* for plaintiff.

*A. D. McFaul,* for defendant.

The judge in his instructions to the jury erred, because it is a condition precedent to the maintenance of an action in bastardy proceedings that the complainant being put upon the discovery of the truth during the time of her travail should accuse the respond-

ent of being the father of the child and should be constant in her accusation. Revised Statutes, c. 97, §§ 5 and 6; *Foster* v. *Beaty*, 1 Maine, 304; *Drowne* v. *Stimpson*, 2 Mass. 443; *Dennett* v. *Kneeland*, 6 Maine, 461; *Loring* v. *O'Donnell*, 12 Maine, 29; *Rice* v. *Chapin*, 10 Met. 5; *Stiles* v. *Eastman*, 21 Pick. 132; *Maxwell* v. *Hardy*, 8 Pick. 561; *Burgess* v. *Bosworth*, 23 Maine, 573; *Beals* v. *Furbish*, 39 Maine, 469; *Blake* v. *Junkins*, 35 Maine, 433.

The requirement that the mother shall be "constant in such accusation" refers only to the man accused. *Woodward* v. *Shaw*, 18 Maine, 304. If the mother of a bastard child, after its birth or after her examination before a magistrate, declare, that the accused is not the father of the child, and that another man is, she is not constant in her accusation. *Bradford* v. *Paul*, 18 Maine, 30.

WESTON, C. J., in *Bradford* v. *Paul* says: "In prosecutions under the bastardy act, the mother of the child is an interested party, but is, upon certain conditions, from the necessity of the case, made a competent witness."

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, SAVAGE, FOGLER, JJ.

WHITEHOUSE, J. In the prosecution of the defendant under the statute for the maintenance of bastard children, the presiding judge gave the following instruction to the jury respecting the complainant's constancy in her accusation: "If she has not been constant and has made other accusations and still, if you are satisfied by a preponderance of the testimony that he is the father of the child, then he would be guilty."

The relief sought by this proceeding is given solely by express provisions of the statute, which prescribe the mode of prosecution and to some extent, the nature of the evidence requisite to hold the accused answerable to the charge. To authorize an adjudication in her favor, the complainant must show a compliance on her part with all the essential requirements of the statute.

After making specific provisions in regard to the complainant's accusation, her examination on oath respecting the accused, and the

declaration to be filed by her before proceeding to trial, chapter ninety-seven of the revised statutes further provides in section six as follows: "When the complainant has made said accusation; been examined on oath as aforesaid; been put upon the discovery of the truth of such accusation at the time of her travail, and thereupon has accused the same man with being the father of the child of which she is about to be delivered; has continued constant in such accusation, and prosecutes him as the father of such child before such court; he shall be held to answer to such complaint; and she may be a witness in the trial."

· Prior to the general legislation of 1864 allowing parties to be witnesses, these two requirements of the statute respecting the accusation of the complainant at the time of her travail, and her constancy in such accusation, were uniformly held by the courts in this state and Massachusetts to be conditions precedent to the right of the complainant to testify as a witness. As might have been anticipated from their correlation in the statute, both of these conditions were placed upon the same ground and deemed prerequisites to the admission of the complainant as a witness. *Foster* v. *Beaty*, 1 Greenl. 304; *Loring* v. *O'Donnell*, 12 Maine, 27; *Bradford* v. *Paul*, 18 Maine, 30; *Drowne* v. *Stimpson*, 2 Mass. 441; *Stiles* v. *Eastman*, 21 Pick. 132; *Rice* v. *Chapin*, 10 Met. 5.

It has also been settled law in this state, both before and since the enactment of 1864 allowing parties to be witnesses, that proof of the accusation by the complainant at the time of her travail was indispensable to the success of her prosecution. Prior to the enactment of 1864, it was a prerequisite to the admission of the complainant as a witness, as well as a condition precedent to her right of prosecution. *Loring* v. *O'Donnell*, 12 Maine, 27. The effect of that general enactment was to make the complainant in such a case a competent witness without preliminary proof of an accusation by her at the time of her travail, but such proof was still essential to the success of her prosecution. In *Payne* v. *Gray*, 56 Maine, 317, the court said in the opinion by Mr. Justice WALTON; "We do not decide that it is now unnecessary for a

plaintiff in a bastardy suit to accuse the defendant with being the father of her child at the time of her travail. By the very terms of the statute, such an accusation is necessary. It is one of the averments in her declaration; and like every other averment, it must be proved; but we hold that she is a competent witness to prove it by. We think she was not properly excluded; although if it turns out as a matter of fact that she did not make the accusation she must fail in her suit."

It has been seen that the accusation at the time of her travail and constancy in such accusation, were equally required by the statute, and prior to 1864, were deemed alike indispensable to her admission as a witness. The conclusion is irresistible that they must both sustain the same relation to the complainant's right to prosecute. The accusation at the time of her travail is held to be a condition precedent, and constancy in such accusation must also be deemed a condition precedent to the maintenance of the suit.

It is important to observe, however, that the statute requirement is that the complainant should continue constant in the accusation against the defendant made upon oath before the magistrate and at the time of her travail. She is required to be constant in that accusation after it is made. The constancy contemplated by the statute does not relate to accusations or declarations made by the complainant prior to the formal accusation against the defendant made under oath before the magistrate. *Burgess* v. *Bosworth*, 23 Maine, 573; *Maxwell* v. *Hardy*, 8 Pick. 560. Proof of an accusation against some other person prior to such accusation under oath against the defendant, might affect the complainant's credibility as a witness, but it would not be a bar to the maintenance of her suit. It would still be a question of fact for the jury to determine, upon all the evidence, whether the defendant was the father of her child.

In this case it appears from the transcript of the testimony which, by agreement of the parties, is made a part of the bill of exceptions, that the evidence tending to show a want of "constancy" on the part of the complainant related to declarations made by her prior to the accusation upon oath against the defendant. There was an entire absence of any evidence worthy of con-

sideration that she did not continue constant in her accusation on oath against the defendant after it was made. It appears from his testimony that prior to such accusation against him she stated to him in substance that her condition did not concern him, that the child did not belong to him. The instruction complained of related to the evidence in the case, and must have been so understood by the jury. As applied to the inconstancy contemplated by the statute, the instruction was undoubtedly exceptionable; but as applied to such evidence of inconstancy as existed in this case, it was substantially correct. The defendant was not aggrieved by it, and it cannot be deemed error.

*Exceptions overruled.*