DORIS H. WOODBURY *vs.* FRANK T. YEATON.

Cumberland.    Opinion, April 12, 1937.

*Frank P. Preti*, for plaintiff.
*John E. Bates*,
*Wilfred A. Hay*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    Action in bastardy, heard with jury. On exception to refusal of presiding Justice to direct a verdict for defendant be-

cause of variance between allegations and proof, and upon the further ground that complainant failed to show compliance with condition precedent to the maintenance of her action. The declaration alleged that "being put upon the discovery of the truth during the time of her travail, she accused said Frank T. Yeaton, the respondent, of being the father of said child." The child was delivered by Caesarean operation while the complainant was under anesthetics, and no accusation was then made.

The proceedings are entirely statutory. There was no remedy at common law. Statutes of this character have been in force for many years in practically all jurisdictions.

When first enacted and for a long period thereafter, in ordinary civil actions, the parties were not permitted to testify because of their interest in the result. From the very nature of bastardy acions, however, it was apparent that ofttimes evidence could not be presented of the paternity of a child unless its mother could testify, because the facts were exclusively within her own knowledge. The law as originally passed in Maine, provided that the mother might make her accusation in writing under oath, respecting the man accused, and it was further provided that,

> "If she being put upon the discovery of the truth respecting the same accusation in the time of her travail, shall thereupon accuse the same person of being the father of the child, of which she is about to be delivered, and shall continue constant in such accusation, and shall prosecute him as the father of such child (in which prosecution she shall be admitted as a competent witness, and her credibility be left to the jury) and such examination shall be given in evidence on the trial of the issue . . . he shall be adjudged the reputed father of such child." Laws of Maine, 1821, Chap. 52.

These requirements have been retained in our law without change from the institution of the state to the present time. There have been some slight alterations in phraseology, but none in import. R. S., Chap. 111, now requires complaint in writing under oath, accusation during travail, and constancy in such accusation.

Some states have made important statutory modifications. In Massachusetts, as pointed out in *Hawes* v. *Gustin*, 84 Mass., 402,

an act passed in 1859 removed the necessity of proof of accusation during travail. Such accusation is still competent evidence, but other evidence can be introduced to make out a prima facie case.

During the middle of the last century, legislation was enacted in many states permitting the parties to civil actions to be witnesses in their own behalf. The effect of these statutes was considered by various courts in connection with the requirements under bastardy statutes with reference to the testimony of the complainant. In *Booth* v. *Hart*, 43 Conn., 480, the court discussed the situation thus:

> "Undoubtedly it was originally essential to the admission of the mother as a witness in her own behalf that she should have been put to the discovery in the time of her travail. But in 1848 a statute was passed allowing all parties to suits to testify in their own behalf. This statute applies to the defendant in cases of maintenance, and the simple question is, does it apply to the plaintiff in such cases, if the action is brought by the mother? If it does, it removes what was before an essential element in her qualification as a witness, and leaves it optional with her whether or not to disclose in the time of her travail the name of the father of her child."

The court decided that accusation during travail was no longer necessary.

In New Hampshire, at an early period it was held that the liability of the respondent could be proved by evidence other than that of the complainant, and it was not essential that she should have made accusation in the time of her travail. In *R. R.* v. *J. M.*, 3 N. H., 135, the court, referring to the construction then placed upon an identical statute by the Massachusetts court commented that, "their court, following the letter of the statute, have held, that the respondent was not chargeable within the intent of the statute, unless the mother of the child charged him in the time of her travail with being the father, and continued constant in her declaration. But in this state, a much more liberal construction has been always given to the statute."

It is probably true that in most jurisdictions, either by virtue of a particular statutory change in the bastardy acts, or by judi-

cial interpretation of general legislative enactments permitting interested parties to testify, the rule has been abrogated which required the mother to accuse the father of his paternity during the time of her travail. 7 C. J., 988.

In Maine this is not the fact. Prior to the passage of the legislation of 1864 allowing parties to be witnesses in their own behalf, it was uniformly held that accusation of the complainant at the time of her travail and her constancy in such accusation, were prerequisites to the admission of the complainant as a witness. *Foster* v. *Beaty*, 1 Greenl., 304; *Dennett* v. *Kneeland*, 6 Me., 460; *Loring* v. *O'Donnell*, 12 Me., 27; *Bradford* v. *Paul*, 18 Me., 30; *Blake* v. *Junkins*, 34 Me., 237; same case 35 Me., 433 and *Beals* v. *Furbish*, 39 Me., 469.

The Court in 1868 in *Totman* v. *Forsaith*, 55 Me., 360, did not refer to the legislation of 1864, but reiterated the requirements of accusation during travail and constancy in such accusation.

In *Payne* v. *Gray*, 56 Me., 317, the effect of P. L. 1864, Chap. 272, removing restrictions on testimony, was under consideration in a bastardy action, and it was held that the complainant could be offered as a witness without first showing that she had made accusation at travail, but the Court ruled that "by the very terms of the statute, such an accusation is necessary. . . . If it turns out, as a matter of fact, that she did not make the accusations, she must fail in her suit."

In 1898 the subject was considered in *Palmer* v. *McDonald*, 92 Me., 125, 42 A., 315, 316 and Whitehouse, J. said:

> "It has also been settled law in this state, both before and since the enactment of 1864 allowing parties to be witnesses, that proof of the accusation by the complainant at the time of her travail was indispensable to the success of her prosecution. Prior to the enactment of 1864, it was prerequisite to the admission of the complainant as a witness, as well as a condition precedent to her right of prosecution. *Loring* v. *O'Donnell*, 12 Me., 27. The effect of that general enactment was to make the complainant in such a case a competent witness without preliminary proof of an accusation by her at the time of her travail, but such proof was still essential to the success of her prosecution."

It will thus be seen that this feature of the bastardy law in Maine has received judicial interpretation in a series of decisions which have been uniform and unmistakable. The ruling has been accepted and followed as prescribing an essential requirement under our statute. The legislature has made no change. It is within its province to do so. The cogency of the argument in support of a more liberal rule may well be directed to the law-making power, but can not justify overturning established precedents, uniform in character and extending back to the formation of the state.

Under the law as it exists in Maine, therefore, accusation during travail is a condition precedent to the maintenance of an action.

The present case presents the further question as to whether compliance with this requirement may be excused when it is shown that it was impossible of performance. The record discloses that it was deemed essential, upon competent medical advice, to deliver the child by Caesarean operation. Anesthetics were administered and there was complete loss of sensation. There was no travail and no pains of parturition in the ordinary sense of the terms. It is contended that being deprived of the opportunity of making accusation as provided by the terms of the act, evidence of such accusation made to the attending surgeon and with knowledge that the operation was to be performed, should be sufficient substitute for the statutory requirements.

A somewhat similar situation existed in the case of *Harty* v. *Malloy*, 67 Conn., 339, 35 A., 259, but as accusation during travail is not essential in that state, the discussion in that case is not relevant.

The defendant had no notice from the pleadings that such evidence would be offered. The declaration alleged accusation during travail. The proof offered was a variance from this allegation. The evidence contradicted the averment. It is a well-established rule of pleading that the allegations and proof must correspond. *Porter's Adm'r* v. *Porter*, 31 Me., 169 at 172. In *Eveleth* v. *Gill*, 97 Me., 315, 54 A., 756, 757, the Court in passing upon a statutory proceeding said:

"We think it clear that in resorting to the legal process authorized only by the statute, she must state, as well as prove,

a case within the terms of the statute, and this she has not done."

In a criminal action for libel, the Court held in *State* v. *Singer,* 101 Me., 299, 64 A., 586, 587:

"It is elemental knowledge that all essential matters must be alleged with such certainty that the defendant may be apprised of the precise nature of the charge against him, and this, that he may be able to prepare to meet the charge by pleading or proof, and that the final judgment may protect him against future charges for the same offense."

This rule was affirmed in the civil action of *Macurdà* v. *Lewiston Journal Company,* 104 Me., 554, 72 A., 490. A declaration which fails to advise a defendant with reasonable certainty of the facts upon which complainant proposes to rely, and will seek to prove, is insufficient. *Sessions* v. *Foster,* 123 Me., 466, 123 A., 898; *Ferguson* v. *National Shoemakers,* 108 Me., 189, 79 A., 469.

*Payne* v. *Gray,* supra, says:

"It is one of the averments in her declaration, and like every other material averment, it must be proved."

The Court is not called upon in the present case to deliberately determine whether, under apt averment of special circumstances, an excuse might be pleaded for lack of accusation during travail. Such excuse was not alleged. Without such pleading any opinion upon the point would be dictum.

For the reasons as stated above, the entry must be

*Exceptions sustained.*