CHITTENDEN,
January,
1838.

### CLAYES & MORSE *v.* FERRIS & HIGBEE.

It is a settled rule of practice, that while the plaintiff is intitled to rest, on making a *prima facie* case, and, afterwards, to adduce additional as well as rebutting testimony, the defendant is, in general, required to go through with his proofs, before resting.

In ordinary cases, a departure from this course is matter of indulgence and discretion with the court, and a refusal to permit it is, therefore, no ground of error.

The rule supposes, however, that the case, as first made by the plaintiff, shall be calculated to apprise the defendant of the ground, on which the right of recovery is finally to be supported, and

If a new case is made, in the close, without any previous notice to the defendant, he should be allowed to go into evidence in answer to it.

TRESPASS, for taking two horses. Plea—General issue. Verdict for plaintiffs, and exceptions by defendants to the decision of the county court, in rejecting testimony.

The facts in the case sufficiently appear from the opinion of the court, which was delivered by

ROYCE, J.—The plaintiffs appear to have rested their case, in the outset, upon mere proof of possession of the property sued for, and a taking by the defendants. The defendants proved that they took the horses upon writs of execution against Elwood Irish, the former owner; and with a view to impeach the plaintiffs' title, as against the creditors of Irish, introduced evidence tending to affect the plaintiffs' purchase from Irish with a defective and fraudulent trust, though for the professed benefit of creditors. And the defendants having rested, the plaintiffs introduced testimony tending to show that their purchase of the real and personal estate of Irish was an absolute purchase in their own right, for a fixed consideration of about $10,000. The defendants then offered to prove, that the property conveyed and transferred from Irish to the plaintiffs, on the occasion of the alleged purchase, amounted to $17,000 or $18,000; and that the amount actually paid by the plaintiffs, with all the liabilities incurred by them, did not exceed $10,000. The rejection of this evidence by the court below has raised the only question, which we deem it important to decide.

It is settled as a rule of practice, that whilst the plaintiff is entitled to rest, on making a *prima facie* case, and afterwards to adduce additional as well as rebutting testimony, the defendant is, in general, required to go through with his proofs

CHITTENDEN,
January,
1838.

Clayes &
Morse
v.
Ferris &
Higbee.

before resting. In ordinary cases, a departure from this course is matter of indulgence and discretion with the court, and a refusal to permit it is, therefore, no ground of error. The rule supposes, however, that the case, as first made by the plaintiff, shall be calculated to apprise the defendant of the ground, on which the right of recovery is finally to be supported. If a new case is made in the close, without any previous notice to the defendant, he should be allowed to go into evidence in answer to it. Now, it would seem that these defendants mistook the ground, on which the plaintiffs intended ultimately to rely. Had the plaintiffs met them on the ground anticipated, by endeavoring to sustain the supposed trust, as available against the process of creditors, the rule would have fully justified the court, in refusing supplementary evidence, on the part of the defendants. Indeed, upon such a view of the case, the evidence offered could have had little or no influence. But when the plaintiffs placed themselves upon an absolute purchase at a given price, evidence of the value of the property became material; since a gross inadequacy of price is a circumstance, among others, from which to infer a trust for the vendor himself,—a feigned and fraudulent purchase. Here the disparity offered to be shown was very great, and, if established in proof, would doubtless have aided much in determining the character of the purchase. And under all the circumstances of the case, we think the defendants were not too late in offering the testimony.

Judgment of county court reversed, and new trial granted.

*Maeck & Smalley*, and *Lyman & Marsh*, for plaintiffs.

*W. Upham*, and *W. P. Briggs*, for defendants.