## Ransom B. Goss *v.* David S. Turner.

The rules of practice in reference to the order of introducing testimony upon jury trials are under the control of the court, and subject to be varied, in their discretion.

The right of opening or closing the evidence in a case does not belong either to the plaintiff, or defendant, as such, but to the party upon whom rests the affirmative of the issue. If the defendant, instead of disproving the claim made by the plaintiff in the opening, rely upon proving an independent fact in discharge of that claim, he may content himself with giving *prima facie* evidence in support of his defence, and may then, in the close, introduce evidence to meet any matters which the plaintiff may have introduced to disprove the defence.

The question, whether such property was tendered in discharge of a contract for the delivery of specific property of the same kind, as is required by the contract, must depend upon the quality of the article tendered, and not upon its reputation.

A contract for the delivery of "good coarse salt" is answered by the delivery of coarse salt, of a medium quality, of the kind in use at the time and place of the contract.

Assumpsit upon a promissory note, dated April 21, 1845, for sixty two bushels of good coarse salt, to be delivered between the day of the date and the middle of January, 1846. Pleas, the general issue, and tender. Trial by jury, June Term, 1848,—Redfield, J., presiding.

On trial the plaintiff gave in evidence the note declared upon, and proved the value of good coarse salt at the time and place of delivery. The defendant then gave evidence tending to prove, that on the first day of January, 1846, he tendered to the plaintiff, at his residence, sixty two bushels of "Western salt," of medium quality as to coarseness, and of good quality in every respect. The plaintiff then gave evidence tending to prove, that the kind of salt tendered was not much known or used in the vicinity of the place where the contract was made, at the time the note was given and payable, that it was the poorest kind of salt known, and worth from twenty five to thirty cents per bushel less than the kinds of salt which were commonly used in that vicinity, that the salt tendered was not of good quality of the kind, and that it was deficient in quantity. The de-

fendant then offered evidence to rebut the testimony thus given by the plaintiff, and to sustain his plea of tender; to which the plaintiff objected, but it was admitted by the court. After the defendant had given such evidence, the plaintiff claimed the right to introduce additional testimony upon the same point; to which the defendant objected, and it was excluded by the court.

The plaintiff, among other things, requested the court to charge the jury, that if the kind of salt tendered was not in good repute and not a merchantable article in the vicinity, where the note was given and payable, at the time when the note was given, the tender must be held insufficient.

But the court charged the jury, that the quantity of salt tendered must have been sixty two bushels, fair full measure; that the quality must be determined by the words used, with respect to the kinds of coarse salt in use at the time and place where the contract was made; that it must be as good, for all the uses to which salt is ordinarily applied, as a *medium* of the kinds of coarse salt then known and used in the vicinity; and that, if the article tendered was in any just sense an inferior article in kind, or not a good article of the kind, the tender would be insufficient.

Verdict for defendant. Exceptions by plaintiff.

*L. B. Vilas* and *J. W. Twiss*, for plaintiff, insisted, that the defendant was bound to put in all his testimony, in reference to the tender, in the first instance; that, having allowed the defendant to put in rebutting evidence, the court erred in not permitting the plaintiff to meet that by other evidence,—citing *Brooks* v. *Barrett*, 7 Pick. 94; and that the court should have instructed the jury, as requested.

*Hebard & Martin*, for defendant, insisted, that, upon the plea of tender the affirmative of the issue was upon the defendant, and that this gave the defendant the right to rest, after having made a *prima facie* case, and then to rebut the testimony introduced by the other party; that the decision of the court upon this question was a matter of discretion, not subject to revision,—citing *Pingry* v. *Washburn*, 1 Aik. 264, and *Clayes et al.* v. *Ferris et el.* 10 Vt. 112; and that whether the salt tendered answered the contract depended upon its intrinsic value, and not upon the reputation of the kind.

The opinion of the court was delivered by

POLAND, J. This case presents two questions for our consideration;—1, As to the regularity of permitting the defendant to introduce farther evidence to support his defence, arising under his special pleas, after that defence had been attacked and attempted to be overthrown by evidence of the plaintiff;—2, As to the correctness of the charge of the court to the jury.

Although there are certain established rules, which have obtained in the process of trying causes before a jury, and in the order of introducing the evidence of witnesses, yet these rules, for the most part, are but rules of practice, and are considered as under the control of the court, and subject to be varied in the exercise of a sound judicial discretion ; so that a departure from the ordinary rules, in the course of a trial, or a refusal to grant such indulgence to a party on request, cannot properly be made a ground of error. Of this class are the rules as to the order of introducing the evidence, and also as to the mode of examining witnesses. See *Clayes et al.* v. *Ferris et al.*, 10 Vt. 112. *Hopkinson, Adm'r,* v. *Steele,* 12 Ib. 582. Indeed, the constantly varying circumstances, under which cases arise, and the haste and confusion, which must frequently be expected in jury trials, (without permitting the exercise of the discretion of the court,) would often lead to most unjust results and disastrous consequences. Perhaps no rule, in relation to proceedings at jury trials, is better established, than that a party calling a witness must not, in examining him, put suggestive or leading questions;— yet it has always been held, that such rule might be relaxed, whenever the court thought justice required it, and that the exercise of such discretion was no ground of error. See *Adm'r of Hopkinson* v. *Steele, ub. sup.*

But in the present case we think this discretion was very properly exercised. The defendant had pleaded the general issue, and this, of course, required the plaintiff to take the lead in the testimony, so far as to establish, *prima facie,* his right of action against the defendant. So far as the defendant proposed to dispute the plaintiff's right to recover against him, by directly denying, or rebutting, what the plaintiff had thus proved against him, he was bound to do it, when the plaintiff rested ; after which, the plaintiff would have the right to introduce farther testimony, not only to rebut what the de-

fendant had proved, but also to strengthen and support his cause of action, as first attempted to be proved; and the defendant would not again be permitted to give farther evidence upon that point. But in the present case, the defendant, after the plaintiff had made out his *prima facie* case and rested, did not attempt to disprove, or rebut, any fact which the plaintiff had proved, but introduced evidence, under his pleas in bar, to establish an independent, substantive fact, showing a discharge of the claim, which the plaintiff had proved against him. Upon the issue thus raised the defendant was obliged to take, and did take, the affirmative; and we do not think, that upon this he was bound to anticipate, what answer the plaintiff could or would make to it, but might content himself, in the outset, by establishing such defence *prima facie*, with the same right to sustain it by rebutting evidence, in case it was attacked by the plaintiff, as the plaintiff had, as to the issue, when the affirmative ground belonged to him. If in this case the plaintiff, instead of contradicting what was proved by the defendant, had set up new or substantive matter, such as a demand and refusal, he would again have had the affirmative of the issue, and the right again to rest, upon a *prima facie* showing. In short, we think the right of opening or closing the evidence in a case does not belong either to the plaintiff, or defendant, as such, but depends entirely upon which party takes the affirmative of the issue, and that the right to rest upon a *prima facie* showing is mutual, and belongs as well to a defendant, as to a plaintiff.

2. As to the charge to the jury;—whether the salt tendered to the plaintiff by the defendant, in fulfilment of his contract, in quantity and quality, was sufficient, or not, was entirely a question of fact, proper to be determined by the jury; and, under the charge, the jury must have found that the full quantity was tendered, and that the salt, was of a *medium* quality of the kinds of coarse salt in use at the time and place of the contract, and was as good, for all the ordinary uses of salt, as coarse salt of such *medium* quality. The charge, though not in the precise language of the plaintiff's request, seems to us to comply with it substantially. If there is any substantial difference between the plaintiff's request and the charge as given, it is in respect to the reputation of the kind of salt tendered. We think the tender must depend upon the fact, whether

the salt was good, and not upon the *reputation* it sustained in the neighborhood.   The plaintiff would hardly admit, that his note might be paid in an article *really worthless*, because at the time the note was given it was reputed to be the very best article of the kind, that could be found; but such must necessarily be the result, if his doctrine is sustained.   The charge of the court, as we think, met all that part of the plaintiff's request which he had any right to claim, and gave the plaintiff the full benefit of the law upon his case.                                    Judgment affirmed.