PERSIS M. THAYER *v.* MYRON DAVIS.

*Bastardy. Evidence. Expert.*

In a bastardy case proof of sexual intercourse between the parties, which took place three years previous to the time of the alleged intercourse when the child was begotten, is held admissible as tending to illustrate the relation of the parties to each other at the time it was begotten.

Where the plaintiff's evidence in the closing of a case only tends to sustain the evidence in the opening, the defendant cannot under the rule of practice in this state, introduce further testimony, he having already had an opportunity to reply to the questions raised.

The opinion of an expert upon a state of facts appearing on the minutes of the testimony taken by counsel, and not on the testimony as actually given on the trial, is not admissible.

COMPLAINT for bastardy. Plea not guilty, and trial by jury, March Term, 1865, PECK, J., presiding. The plaintiff testified, and her testimony tended to show among other things, that on the 15th of September, 1863, the defendant had intercourse with her, and that the child was then begotten by the defendant; that she was then fourteen years of age, and that the child was born March 26th, 1864; that she was a single woman, never married. She had no recollection of having seen the defendant for a year or more next before the 15th of September, 1863, but that the defendant had intercourse

with her once before, which was when she was but eleven years of age. To this last testimony the defendant objected, but the objection was overruled, and the testimony admitted,—to which the defendant excepted.

The complainant's evidence in the opening of the case tended to show that the birth of the child was premature; the defendant's in reply that it was full grown. The plaintiff then introduced further testimony tending to sustain her evidence introduced in the opening. The counsel of the defendant then offered Dr. Bradford, who has practised medicine a good many years, and also midwifery, and who it appeared had not heard all the testimony of the complainant, and offered to read to him their minutes of the testimony of Mrs. Ainsworth and Dr. Nichols, who were witnesses for the complainant, and ask his opinion upon the facts testified to by them, as shown by their minutes, that is, as to whether the child was prematurely born. To this the plaintiff objected, objection sustained,—to which the defendant excepted. The defendant then offered to suppose a case, the same as the minutes of the defendant's counsel would show had been testified to by Mrs. Ainsworth and Dr. Nichols, and ask his opinion as to whether the child was prematurely born. To this the plaintiff objected, objection sustained,—to which the defendant excepted. Verdict for the plaintiff.

*Peck & Fifield*, for the defendant.

*C. F. Clough* and *Dillingham & Durant*, for the plaintiff.

The opinion of the court was delivered by

KELLOGG, J. The defendant makes but two questions on the exceptions in this case.

I. He claims that the testimony of the prosecutrix in respect to his having had sexual intercourse with her on an occasion which was about three years previous to the time of the alleged intercourse when her child was begotten was inadmissible. The previous familiarity or intimacy existing between the parties was a circumstance bearing on the probability of the alleged sexual intercourse which is the subject of the prosecution. It tended to illustrate the relation of the parties to each other at the time when, as is claimed by the prosecutrix, the child to which she gave birth was begotten; and this relation

has always been considered proper evidence as well for one party as the other. In *Kimball* v. *Locke*, 31 Vt. 683, BARRETT, J., says:— "On the question whether a person did a particular thing or not, the character of the subject matter, and the circumstances affecting the relation of the parties to that subject matter, affect the probability of the thing in question having been done as claimed." We adopt this statement as being applicable to the evidence objected to, and regard this evidence as clearly admissible.

II. In respect to the questions proposed to be put by the defendant to Dr. Bradford, which were excluded : The testimony of the prosecutrix, in the opening of her case, showed that this child was born in six months and eleven days after the alleged intercourse,—in other words, that the birth was premature, and that the child, when born, was not a full grown child, but was born out of due time,—and the testimony contained in the deposition of Mrs. Blake, which was a part of the testimony introduced by the prosecutrix in the opening of her case, tended plainly and distinctly to the same conclusion. The defendant introduced testimony tending to prove that the child, at the time of its birth, was full grown, and called several physicians who gave their opinion on this point, based on the description of the child as given by the defendant's other witnesses. The prosecutrix, in closing, called Mrs. Ainsworth, an elderly woman who attended the child for some time after its birth, and had much experience as a nurse, and also Dr. Nichols, a practising physician, both of whom testified to such facts, derived from their personal examination and knowledge of the child as strongly tended to sustain the evidence which the prosecutrix had introduced in the opening of the case in respect to the child's premature birth ; and this testimony of Mrs. Ainsworth and Dr. Nichols was not given upon any new point in the case, but was upon a point in respect to which the defendant had introduced testimony. At that stage of the trial, the defendant had no right, under the settled rule of practice in respect to the putting in and order of testimony adopted in this state, (*Clayes et al.* v. *Ferris et al.*, 10 Vt. 112,) to introduce any further testimony. The testimony of Dr. Bradford which was offered on the part of the defendant at that stage of the trial was properly rejected on two grounds,

(1.) because the question whether the birth of the child was premature, or not, was one which arose upon the opening testimony in behalf of the prosecutrix, and one in respect to which the defendant had already had a full opportunity to reply; and (2,) because the opinions of this witness were asked on a state of facts appearing on the minutes of the testimony which were taken by the defendant's counsel, and not on the testimony as actually given on the trial.

Judgment of the county court in favor of the prosecutrix affirmed.