MARY S. BERRY *v.* GUY A. DOOLITTLE.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 12, 1909.

*Trial—Remarks of Counsel—Witnesses—Examination—Leading Questions—Cross-Examination—Impeachment—Evidence— Relevancy—Error Induced by Excepting Party.*

An alleged improper remark of plaintiff's counsel made while the jury were retiring from the court room is not ground for reversal, in the absence of a showing that the jury heard it.

An exception to the allowance of an answer to a leading question as a matter of discretion has no merit.

Where defendant claimed that plaintiff's suit, unless groundless, would have been brought earlier, plaintiff was properly allowed to show defendant's absence from the State and his lack of property within it, and to cross-examine him and his witnesses with a view to elicit facts about that claim.

On cross-examination of a witness in support of the defence of pay-
ment claimed to have been made with money furnished by the wit-
ness, it was not error to allow questions to show that the money
was furnished and used for another purpose.

On cross-examination of a witness whose testimony impeached de-
fendant's reputation for veracity, questions to show that the
newspapers had not attacked it were improper.

Where the record shows improper answers elicited by improper ques-
tions by the excepting party, all of which the court allowed to
stand, error does not appear.

Counsel's remarks in argument to the jury that his client would not
have sued "if it was not just as she claimed," or "if she had had
her pay," do not warrant a reversal where it appears that they
were withdrawn, and the jury adequately cautioned.

TROVER for the conversion of $300 in money. Plea, the gen-
eral issue. Trial by jury at the September Term, 1908, Wind-
sor County, *Miles, J.*, presiding. Verdict and judgment for the
plaintiff. The defendant excepted. The opinion states the
case.

*Arthur P. Carpenter* for the defendant.

If counsel persevere in arguing upon facts not before
the jury or appealing to prejudice foreign to the case in evi-
dence exception may be taken by the other side. *State* v.
*Hannible,* 54 Vt. 83; *George* v. *Swafford,* 75 Iowa 491; *Rudolph*
v. *Landwerlen,* 92 Ind. 34; *Rea* v. *Harrington,* 58 Vt. 181;
*Brown* v. *Swineford,* 44 Wis. 282; *Douglass* v. *Carr,* 80 Vt. 392;
*Tucker* v. *Henniker,* 41 N. H. 317.

*Herbert G. Barber, Frank E. Barber* and *Charles S. Chase*
for the plaintiff.

HASELTON, J. This case is trover. A trial by jury was
had and verdict and judgment went for the plaintiff.

Upon the taking of a noon recess, while the jury were re-
tiring from the court room and were in the rear part of the
room, counsel for the plaintiff asked the privilege of examining
certain exhibits of the defendant, and said: "We expect they
are forgeries." The defendant's counsel excepted to the re-

mark on the ground that it was made while the jury were in the room. Counsel for the plaintiff then stated that they did not know that the jury were in the room. Upon the coming in of the jury in the afternoon counsel, if they had wished, could have ascertained whether or not the jury did hear the conversation, but it does not appear that the jury were inquired of. In view of the circumstances in which the remark was made it is not to be presumed that the jury did hear it. After examining the exhibits the plaintiff abandoned the claim that they were forgeries, and introduced no evidence tending to support such claim. If the remark was overheard by the jury the plaintiff was by the subsequent course of the trial put somewhat in the position of having asserted a false claim, and, human nature being what it is, if either party fell into disfavor because of the remark it must have been the plaintiff.

While the plaintiff was testifying in her own behalf a leading question was objected to on the ground that it was leading. The court in its discretion permitted her to answer, and the defendant took an exception. This exception is without merit. *Hathaway* v. *Goslant*, 77 Vt. 99, 59 Atl. 835; *State* v. *Bedard*, 65 Vt. 278, 26 Atl. 719; *Collamer, J.*, in *Hopkinson* v. *State*, 12 Vt. 582; *Poland, J.*, in *Goss* v. *Turner*, 21 Vt. 437.

It appeared that some time prior to the commencement of this suit the plaintiff had brought another suit for a different cause of action against the defendant and his sister; and the defendant on the cross-examination of the plaintiff sought to show and made the claim that this suit could have been brought at the same time as the other and that it would have been so brought if the claimed liability had in fact existed. Thereupon the plaintiff on her re-direct examination was allowed to testify that at the time the other suit was brought the defendant herein was not to her knowledge living in the state, and that she took steps to find out how the fact was. The court thereafter permitted the plaintiff to show what she could about the absence of the defendant from the state and about his lack of property within the state at times material to the above stated claim of the defendant. Numerous questions were asked of the defendant in cross-examination with a view to eliciting facts about these matters, and his sister was cross-examined upon the same points. On cross-examination the defendant's attention

was called to a certain talk with the plaintiff which he admitted having had, and he was asked how many days afterwards it was that he left Brattleboro. His answer, however, threw no light on the matter. In the course of the sister's cross-examination as to the whereabouts of her brother her attention was called to the funeral of their mother and she was asked if her brother was at the funeral. The question, with some variations, was several times repeated and she, while protesting that such questions had nothing to do with the case, answered in substance that she did not remember whether he was at the funeral or not; that he might have been and that he might not have been; that she did not remember whether she saw him that day or not, and that she did not know whether or not he was in town that day. The plaintiff called as a witness one Thayer, the officer who held and served the process in the former suit against the defendant and his sister, and he was permitted to testify to his search and lookout for the defendant during a period of some four or five months, and to his inability to find him. The undertaker who acted as director at the funeral referred to testified that he did not see the defendant there.

During the taking of the evidence above indicated several exceptions were taken. But the evidence was properly received, some of it being peculiarly appropriate as matter of cross-examination, and all of it taken together having a tendency to meet the claim that this suit, unless groundless, would have been brought at the earlier time designated.

The suit was for the conversion of three hundred dollars in money. The defendant claimed, as the exceptions recite, that "if he did have the three hundred dollars it was money borrowed and not taken as the plaintiff claimed and that he had repaid the same to her." The defendant introduced a receipt signed by the plaintiff and a certain deposition of his sister for the purpose of supporting the claim that his sister had let him have three hundred twenty-five dollars and that out of that he had paid the plaintiff. In cross-examining the sister about this matter the plaintiff attempted to show that about the time she let the defendant have the three hundred twenty-five dollars he bought some horses or went to Boston to purchase horses and that she let him have the money to pay for the horses. The answers of the sister were all to the effect that she did not know or did not

remember; but the questions were proper since the obvious aim of the cross-examiner was to contradict the evidence as to the purpose for which the money was furnished and used. Several general exceptions were taken in the course of this cross-examination but they fasten upon no error.

. The treasurer of the Vermont Savings Bank in Brattleboro was called as a. witness for the plaintiff and gave testimony impeaching the reputation of the defendant for truth and veracity. In his cross-examination there were the following questions and answers: ''Q. Do you want to tell me there was anything in any local paper about his, Guy Doolittle's, truth and veracity? A. I do not know as it was put in those words. Q. You know there was nothing said about his truth and veracity? A. It was said he was the one who took the girl's money.'' The defendant moved to have this last answer struck out. The answer was allowed to stand and the defendant excepted.

So far as the exceptions show the defendant's first question above recited was the first allusion made to any newspaper. The defendant was not trying to show that his bad reputation for truthfulness had originated in some newspaper story, but so far as appears from the exceptions he was trying to show that, whatever his reputation for truthfulness might be, the local papers had not attacked it. Such inquiries were not proper. He could not bolster up his reputation in that way.. The inquiries· were not calculated to aid the jury in any way in the determination of the weight to be given ''to the whole testimony of.the impeaching witness.'' *Willard* v. *Goodenough,* 30 Vt. 393. Neither the plaintiff nor the court was in any way responsible for the result of the defendant's extraordinary line of inquiry. The court was in a position to judge from the whole cross-examination what if anything it ought to do in the circumstances. The record presents a case of improper questions by the excepting party resulting in an improper answer all of which the court allowed technically to stand upon the record. Whether or not thè court said anything to the jury about these questions and this answer does not appear. Error we do not find.

In addressing the jury the plaintiff's counsel argued that his client ''would not have taken counsel and brought this suit if it was not just as she claimed.'' Objections being made the

argument was withdrawn and the jury were adequately cautioned by the court, and an exception was noted. Later in the same discourse the plaintiff's counsel said: "Would this woman be pressing this suit here if she had had her pay?" Objection being made counsel said: "I withdraw the statement," "I withdraw that statement." The court pointed out the fallacy of the argument and noted another exception. In view of the full retraction of counsel and the action of the court, and the obvious absurdity of the objectionable remarks, it is not conceivable that the defendant was harmed.

All questions discussed in the brief of the excepting party have been considered.

*Judgment confirmed.*