STATE v. HATTIE CUSHING.

November Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 5, 1913.

*Adultery—Evidence—Reputed Character of House—Physical Abilities—Offer of Evidence—Necessity.*

In a prosecution of a woman for adultery, the State was properly allowed to show that the house, in a bedroom of which respondent was found late at night with a man, was reputed to be a house of assignation, resorted to by men and women for immoral purposes, without showing that respondent knew of that reputation. *State v. Plant*, 67 Vt. 454, *distinguished.*

The exclusion of a question on direct examination for want of materiality is proper, where no statement is made of what answer is expected, and nothing appears to indicate materiality.

In a prosecution of a woman for adultery it was error to exclude her offered evidence that the man was involuntarily doped or drunk to such an extent as to be unable to copulate with her as charged, since proof of that would have been a complete defence.

INFORMATION charging adultery. Plea, not guilty. Trial by jury at the March Term, 1912, Chittenden County, *Miles, J.*, presiding. Verdict, guilty; judgment and sentence thereon. The respondent excepted. The opinion states the case.

*Martin S. Vilas* and *Clarence P. Cowles* for the respondent.

*John G. Sargent*, Attorney General, and *Henry B. Shaw*, State's Attorney, for the State.

ROWELL, C. J. This is an information for adultery with one Nieburg, claimed by the State to have been committed at the "Allen House," a hotel in Winooski. The State was permitted to show that the "Allen House" was reputed to be a place of assignation, resorted to by men and women for immoral pur-

poses. The prisoner objected that the testimony was inadmissible unless knowledge of the character and reputation of the place was brought home to her, and also objected that the testimony was immaterial and irrelevant.

In support of her objections the prisoner relies upon *State v. Plant*, 67 Vt. 454, 32 Atl. 237, where it is held that in a prosecution for keeping a house of ill fame, evidence of its reputation as such is not admissible. But there the thing in issue was, not the *reputation* of the house, for that was not an element of the offence, but the *character* of the house, regardless of its reputation; and this, because the statute made it so. But here, though the character of the house is involved, yet, there being no statute controlling the matter, but general principles are to govern, that character can be shown to be bad by reputation, the same as the character of a witness for truth can be shown to be bad in that way; and it makes no difference that the prisoner did not know the reputation of the house, for going there as she did with Nieburg, and being found there with him in a bedroom late at night, incriminated her, and tended to show adultery; for, according to the old saying somewhere referred to by Lord Stowell, people do not go to such places to say their paternosters. These incriminatory circumstances were, however, open to explanation, but the burden of explaining was on the prisoner. This doctrine is abundantly sustained. 2 Bish. Mar. Div. & Sep. §1384, 1385; *Cane* v. *Cane*, 39 N. J. Eq. 148; *Latham* v. *Latham*, 30 Grat. 307; *Evans* v. *Evans*, 41 Cal. 103; *Astley* v. *Astley*, 1 Hag. Ec. 714; *Loveden* v. *Loveden*, 2 Hag. Ec. 1, 24; *Kenrick* v. *Kenrick*, 4 Hag. Ec. 114, 138, 139. As to the burden of explaining, see *State* v. *Nieburg*, 86 Vt. 392, 85 Atl. 769.

Exclusion of the questions put by the prisoner to her witnesses Marcus and Cohen for want of materiality was proper, for no statement was made of what was expected of the witnesses, and nothing appeared to indicate materiality on any issue involved.

We gather from the prisoner's brief, which is our principal source of information on the subject, that Nieburg was taken in a hack from Dorn's saloon in Burlington, up Winooski Avenue, where the prisoner was taken in, and both driven to the "Allen House." The prisoner testified that she did not arrange for that ride. She was then asked who did. This was objected to as immaterial and excluded, to which she excepted. She then

offered to show, and said she expected to be able to show, that she made that trip with Nieburg, and that he was at the time involuntarily doped or drunk to such a degree that he was physically incapable of having sexual intercourse with her as charged. The court asked how the pending question tended to show what was offered. Counsel said it tended to show that one Max Agel, in connection with Marcus the hackman, made Nieburg drunk or doped. Although the question was excluded and an exception thereto taken before the offer was made, yet the court at first seemed to treat it as still pending, and to think that counsel intended the offer to come in as an answer thereto, and counsel seemed to have that idea. But the matter went along in colloquy between court and counsel until finally the court ruled upon the offer as an independent proposition, and said it would exclude it until some other evidence connected it; that when there was evidence in the case that might make it admissible, it would pass upon it, but that in the then present state of the evidence it did not think it admissible. To this the prisoner excepted. If it was admissible when offered, it was error to exclude it, for it was material, and would acquit if sustained.

It is difficult to tell, as the case is presented, what connecting evidence the court had in mind as a prerequisite to the admission of the offer, or what other evidence it thought might make the offer admissible. But the attorneys for the State, as they paraphrase the ruling in their brief, take the court to have meant, "other evidence introduced as to Nieburg's condition." We are inclined to adopt their view of the matter, for having participated in the trial below and heard the ruling, they can divine the spirit and meaning of it better than we can.

But that was the very thing the prisoner offered to show, and the case was ripe for that showing when the offer was made, and therefore it was error to exclude it.

*Judgment and sentence reversed, and cause remanded.*