## STATE *v.* SYDNEY SNYDER.

### November Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 14, 1913.

*Criminal Law — Adultery — Evidence — Alibi —Reputation of Particeps.*

It is within the discretion of the trial court to allow a witness to answer a leading question, and, the contrary not appearing, it will be assumed on review both that such answer was allowed as a matter of discretion, and that there was no abuse of discretion.

In a prosecution for adultery, where respondent undertakes to establish an *alibi*, a witness to his whereabouts at the time in question cannot be limited to the bare statement of where respondent then was, but may state what he was then doing, though it be committing an assault, as a reason why he could not then have been at the place of the alleged crime.

Where a witness claims to have been an eye-witness to a crime, the defence may show that he could not have seen that to which he testifies.

In a prosecution for adultery, where a witness for the State testified that he was an eye-witness to the crime, it was not error to exclude cross-examination as to what witness saw on an occasion that did not clearly appear to have been the one in question.

In a prosecution for adultery, error does not appear from the mere fact that after a witness for the State, in response to a cross-question by respondent's counsel, had told of objectionable conduct of third persons on a certain occasion, he interjected, "How would you like that?"

In a prosecution for adultery evidence of the bad reputation of the *particeps* for chastity is admissible against respondent, regardless of his knowledge of that reputation.

Where the character of a person is relevant it may be shown by reputation.

The rule that the State cannot attack a respondent's character unless he offers his good character in defence, has no application to the

proof by the State, in a prosecution for adultery, of the bad reputation of the *particeps* for chastity.

INFORMATION for adultery. Plea, not guilty. Trial by jury at September Term, 1911, Chittenden County, *Miles,* J., presiding. Verdict, guilty; and judgment thereon. The respondent excepted. The opinion states·the case.

*V. A. Bullard* and *J. J. Enright* for the respondent.

*John G. Sargent,* Attorney General, and *Henry B. Shaw,* State's Attorney, for .the State.

· The bad reputation of the *particeps* for chastity was admissible regardless of respondent's knowledge. 'Wig. on Ev., §68; Underhill Crim. Ev. §382; *Blackman* v. *State,* 36 Ala. 295; *State* v. *Eggleston,* 45 Ore. 346; *Clement* v. *Kimball,* 98 Mass. 535; *Commonwealth* v. *Gray,* 129 Mass. 476.

HASELTON, J. This is a prosecution of the respondent for adultery with a Mrs. Maynard. The respondent was convicted and brings exceptions.

In the examination of a material witness for the State a leading question was put by the state's attorney upon a material point. The respondent interposed an objection on the ground that the question was leading, but the court·allowed an answer. It was within the discretion of the court to do this and the contrary not appearing it is to be presumed that the court allowed the answer as matter of discretion, and that there was no abuse of discretion. *Berry* v. *Doolittle,* 82 Vt. 471, 74 Atl. 97.

The respondent claimed that at the time of the alleged adultery he and Mrs. Maynard, who were cousins, were not where the State claimed them to be, and in support of this alibi called certain witnesses and offered to show by them where the respondent and Mrs. Maynard were, and that they were engaged in a controversy and "fracas" with ·a witness ·for the State who had testified to seeing them elsewhere at that time in the act of adultery. The court ruled that the respondent might show where he and Mrs. Maynard were at the time in question but not what they were doing, and excluded questions in that regard. To this action of the court the respondent excepted. The

ruling of the court was erroneous. When one undertakes to establish an alibi, a witness to his whereabouts cannot be limited to a bare statement of where he was. The circumstances in which he was and what he was engaged in doing may be given as a reason why he could not have been at the place of the alleged crime. A respondent in such case may show where he was and what he was doing, *State* v. *Bedard*, 65 Vt. 278, 284, 26 Atl. 719, and where the offence charged is adultery the same latitude must be allowed the defence in showing where the alleged *particeps criminis* was. Moreover where a witness claims to have been an eye-witness to a crime the defence may introduce evidence tending to show that the witness could not have seen what he testified to. In arguing the case the State lays some stress upon the claim that if the evidence excluded had been admitted it would have tended to show an affray or assault. Assume this to be the fact, it did not circumscribe the respondent's right to defend himself against the crime charged.

Much the same matter was offered to be shown in the cross-examination of a State's witness who had testified that he was an eye-witness of the crime charged, but it is not clear that the time inquired about was the time in question, and though an offer was made it is not clear that the question was in line with the offer in respect to time. The court excluded the offered evidence on the ground that it was not matter of cross-examination, and the respondent excepted. Adequate cross-examination is the prime test of truth, but, as this matter is presented in the exceptions, we cannot say that the court was in error.

During the cross-examination of one of the State's witnesses he was asked if he didn't have some trouble with Mrs. Maynard the year before because she went in bathing near his cottage and if he didn't have some words about it with her. He said he did not with her but with another woman whom he was asked by the respondent's counsel to name. He named the other woman and stated her objectionable conduct and that of another man not the respondent and said: "How would you like that?" An exception was taken to the part of the answer that was not responsive on the ground that it was not so, and that it was given for the purpose of injuring this respondent. The witness was in the hands of respondent's counsel and certainly neither the court nor the state's attorney is shown to have been in fault.

Besides, it is farfetched to say that the irresponsive testimony was prejudicial to the respondent. No error appears here.

Two witnesses for the State testified to the bad reputation of Mrs. Maynard for chastity. It did not appear that the respondent knew that she had such a reputation, and the evidence was objected to on that ground.

If she was an unchaste woman that fact could be shown although knowledge of it was not brought home to the respondent.

The character of a respondent cannot be given in evidence unless he himself offers his good character in his defence, when the door is open for the State to introduce evidence of a like character and this rule is applicable to cases like this, *State* v. *Plant*, 67 Vt. 454, 32 Atl. 237, 48 Am. St. Rep. 821. This rule does not go upon the ground that evidence of a particular criminal trait is not logically relevant, for if it were not there would be no reason in allowing a respondent to show his good character in respect to the matter charged. But unless the respondent goes into the matter the State cannot be permitted to do so lest, among other reasons, the respondent be convicted without much reference to the question of whether it is shown that he committed the very offence with which he is charged. But where the character of some one not on trial is logically relevant to the issue this rule loses its force or rather does not apply and the evidence may be received unless some other rule calls for its exclusion. This whole matter is well discussed by Wigmore, more particularly in sections 55, 56, 57, 58, and 68, of his work.

When a man has associated, or consorted, with a woman under circumstances calculated to suggest criminal conduct the bad character of the woman, if it exists, is a subordinate fact which may be shown in connection with other evidence as a circumstance bearing upon the probability of the criminal conduct charged; and when character becomes relevant, reputation tends to show it and may be given in evidence. So in *Commonwealth* v. *Grey*, 129 Mass. 474, 37 Am. Rep. 378, it was directly held that upon the trial of a man for adultery the reputation for chastity of the woman with whom the offence is charged to have been committed may be given in evidence, and in *Blackman* v. *State*, 36 Ala. 295, the same rule of evidence was asserted and applied. The reputation for unchastity of the *particeps* was held admissible as corroborative evidence.

The question of the admissibility of the evidence we are considering is fully considered in *Sutton* v. *State*, 124 Ga. 815, 53 S. E. 381, and after careful consideration the decision of the court is in favor of its admissibility.

The case at bar and *State* v. *Nieburg*, 86 Vt. 392, 85 Atl. 769, were under consideration at the same time, and were independently discussed, and that case is full authority on the point now under consideration. *State* v. *Cushing*, 86 Vt. 416, 85 Atl., is also authority for the position here taken.

There was evidence as to what took place after the alleged adultery. The court charged the jury that this evidence bore only upon the weight to be given to the testimony of the State's witnesses. To this restriction the respondent excepted, and his counsel say in their brief no more than that the court improperly restricted the use to be made of the testimony in question. The brief gives no reasons for this claim and we have sought for none.

*Sentence set aside, judgment reversed and cause remanded.*